■ In the Matter of BRANDT H. DOSCHER, Respondent, v SONDRA D. DOSCHER, Appellant. — Appeal from an order of the Family Court of Sullivan County, entered November 5, 1979, which modified alimony and support provisions of a divorce decree. Petitioner and respondent were married in 1969. On May 10, 1977, they executed a separation agreement providing that petitioner would pay respondent $500 per month, $250 per month to be considered as support for two children and $250 per month to be regarded as alimony. In June, 1977, the parties were divorced. The separation agreement was incorporated, but not merged, in the divorce decree. Two years later petitioner sought a downward modification of the alimony and child support payments on the ground of a substantial change in his financial condition. Family Court, after a brief hearing, ordered that petitioner's alimony payments be reduced to $25 per week and his child support payments to $35 per week. This was error. Where the reversal in a spouse's financial condition is brought about by the spouse's own actions or inactions, the court should not grant a downward modification *(Hickland v Hickland,* 39 NY2d 1, 5, cert den 429 US 941). Here, the evidence indicated that the drastic reduction in earnings is attributable to petitioner's own behavior. At the time of the divorce he earned in the neighborhood of $25,000 per year. At the time of the hearing he allegedly earned $7,800 per year operating a clothing store for his mother. Petitioner admitted that there were other jobs that he could have but they were not at the $25,000 level. The proper amount of support payable is not determined by a spouse's current economic situation but by a spouse's ability to provide *(Kay v Kay,* 37 NY2d 632, 637). The record indicates that petitioner is capable of earning more than $7,800 a year. Moreover, a family business is involved here and it appears that petitioner had some input in fixing his own salary. Family Court, in reducing the alimony and support payments so drastically in these circumstances, abused its discretion. The order reducing alimony and support payments should be reversed and the original order directing such payments reinstated. Family Court failed to grant respondent's application to reduce the arrearages, conceded in open court to be in the sum of $6,000, to judgment. This was improper under the facts and circumstances of this case (Domestic Relations Law, § 244; see *Lebow v Lebow,* 58 AD2d 537). Respondent should, therefore, have judgment for arrearages in the sum of $6,000. No purpose would be served in requiring respondent to initiate a new cause of action for arrearages in such circumstances. Order reversed, on the law and the facts, with costs; original order directing alimony and support payments reinstated, and judgment for arrearages directed to be entered in the amount of $6,000. Kane, J. P., Main, Mikoll and Herlihy, JJ., concur.

Yesawich, Jr., J., dissents and votes to affirm in the following memorandum. Yesawich, Jr., J. (dissenting). I dissent and vote to affirm for the reasons set forth in the decision of the Sullivan County Family Court.