OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
Petitioner alleges in this violation of support petition that respondent has failed to comply with this court’s order of January 14, 1981, requiring him to pay $200 per week for support of petitioner and three children ($160 plus $40 per week on arrears). Specifically, she alleges that from January 1, 1984, until March 28, 1984, the date of the petition, she has only received $275.
Respondent raises as his defense the fact that he was out of work as a result of his union’s strike against his employer from January 9, 1984 to April 9, 1984. He contends that he is, on this ground, entitled to cancellation of any support arrears which may have accrued for the period of the strike.
At a hearing held July 11, 1984, it was agreed that the parties would submit legal memoranda on the only remaining issue, one of apparent first impression, to wit, whether loss of income due to a legal[2] strike may support cancellation of one’s support obligation for the strike period. These memoranda were received and considered by the court.
*859 Petitioner argues that respondent’s participation in the strike constitutes a voluntary reduction of income, because it was voted on by the workers. A voluntary loss or reduction of income does not, of course, form a legal basis for reduction or suspension of a support obligation. (Villano v Villano, 98 Misc 2d 774; Matter of Doscher v Doscher, 80 AD2d 945.)
Petitioner contends that the court must necessarily ascertain whether respondent voted for or against the strike, the argument being that a vote for the strike is evidence of the voluntary nature of his participation therein. The court finds this not only unnecessary but inappropriate for court review in the context of this case. Respondent affirms in his affidavit in opposition dated July 24, 1984, that he neither voted for or against the strike, because he was not present when the vote was taken. Even if this were not the case, the court finds that a worker’s individual vote for or against a strike is a matter of privacy beyond the purview of the Family Court in a support proceeding.
What is significant to this court is that the collective union members’ vote to strike prevailed, and the strike was a legal one. A worker’s right to join a union and engage in concerted activities for collective bargaining purposes is Federally protected under the National Labor Relations Act. (US Code, tit 29, § 157.) This law expressly reserves the worker’s right to strike. (US Code, tit 29, § 163.) The exercise of a Federally protected right such as here may not be used against a worker to deny a reduction of his support obligation which would otherwise be granted for good cause.
Respondent has submitted to the court applicable provisions of the union constitution which reveal that a union worker who does not honor a strike picket line is subject to penalties. Needless to say, one who does not honor a picket line is also subject to the disdain of his striking co-workers. “Employees who refuse to cross such a [picket] line are entitled to the same protection as strikers” (Truck Drivers Union v National Labor Relations Bd., 334 F2d 539, 543, cert den 379 US 916).
From the foregoing, the court finds as a matter of law that participation in a legal strike does not constitute a voluntary reduction of income.
*860 Furthermore, respondent has shown good cause for cancellation of arrears, because he was financially unable to meet his full support obligation through no fault of his own: his income during the strike period (union and unemployment benefits) was less than a third of his normal income.
However, good cause is no longer a legally sufficient basis for Family Court to cancel support arrears. In 1983, the Legislature repealed section 458 of the Family Court Act, thereby limiting the court’s discretionary power to cancel arrears. Now the Family Court may only retroactively cancel arrears if the support obligor shows good cause for failure to seek reduction prospectively, as well as good cause for the reduction. (See Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, §§ 451, 460, pp 349, 421-422.)
Cancellation of arrears is covered only collaterally, in sections 455 and 460 of the Family Court Act. Though there is no longer a Family Court Act section dealing specifically with the court’s power to cancel arrears, the court still retains such discretionary power, though limited, under its “residual authority.” (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 451, p 349, citing the Governor’s mem of approval that accompanied the repeal of Family Ct Act, § 458.)
This change in the law puts the burden of seeking a legal remedy on the support obligor, who must seek a reduction as soon as circumstances change, instead of letting arrears accumulate forcing the support recipient to petition the court and then requesting cancellation of arrears.
In the case at bar, respondent did come forward to seek a reduction of his support obligation at the beginning of the strike period. He sought to have his obligation legally reduced for this period by filing a petition in the Family Court, Orange County, which collects a $75 portion of his $200 weekly support obligation directly from his employer by payroll deduction order (PDO). That court did, in fact, suspend the $75 PDO for the strike period.
Respondent, an Orange County resident, also came to Staten Island seeking to file a petition in the Family Court, *861 Richmond County, to have his support obligation canceled during the strike period. In Staten Island, respondent was routinely referred to the New York City Probation Department for a prepetition interview. There he claims he was told that he could not pursue the relief sought in two forums,[3] i.e., Orange and Richmond Counties. Since he had already filed his Orange County petition, he did not pursue the matter in Richmond County but returned up-State to continue his strike participation and search for alternate employment. The court finds that this respondent has shown good cause for failure to have his support obligation totally reduced for the strike period.
In accordance with the foregoing, the respondent’s support obligation for the period January 9 to April 9, 1984, excepting any amount already paid, is hereby canceled.

. The court notes that the legality of the strike in which respondent participated is not in issue. However if, in a similar case, participation in an illegal strike were raised as a defense, a different outcome might very well result.

. Of course, the same relief may not be sought in two forums, but respondent in this case was seeking to stay the implementation of the PDO in Orange County for the strike period and seeking cancellation of his full support obligation for the strike period in Richmond County where the obligation originated.