■ FRED M. NORDHAUSER, Appellant, v EVA NORDHAUSER, Respondent.—In a matrimonial action in which the parties were divorced by a judgment dated April 14, 1981, the plaintiff husband appeals from so much of an order of the Supreme Court, Rockland County (Gurahian, J.), dated September 11, 1985, as granted that branch of the defendant wife's motion which was for leave to enter a money judgment for the plaintiff husband's share of their daughter's tuition at Hebrew Day School, and denied that branch of his cross motion which was for downward modification of his support obligation.

Ordered that the order is modified, on the law, by reducing the amount awarded for the plaintiff's share of the daughter's tuition at Hebrew Day School from $2,775 to $2,081.25; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant wife.

On appeal the defendant wife concedes that the amount awarded for tuition at the Hebrew Day School should be three fourths of the total amount of tuition, or $2,081.25. Thus, the judgment should be modified to that extent.

On this record, however, the plaintiff has not established his entitlement to a hearing with respect to that branch of his cross motion which sought a downward modification of his support obligation. The record at bar reveals that the parties entered into a separation agreement on January 4, 1980, which was incorporated into, but not merged with, the parties' judgment of divorce. By order to show cause dated May 24, 1985, the defendant wife moved, *inter alia,* for an order granting her a money judgment for arrears in maintenance and child support allegedly due and owing under the divorce judgment. The plaintiff husband thereafter cross-moved for an order awarding him credits for alleged overpayments in support and, additionally, sought a downward modification of his support obligation. Special Term denied that branch of the plaintiff's cross motion which sought a downward modification of support, concluding that the plaintiff's papers failed to establish his entitlement to the relief requested and that a hearing was, therefore, not warranted.

It is settled that in order to obtain a reduction of support or other financial provisions of a judgment of divorce, the party seeking the reduction bears the burden of establishing a substantial change of circumstances (see, Lipow v Lipow, 110 AD2d 756; Patell v Patell, 91 AD2d 1028, 1029; Buchman v Buchman, 61 AD2d 973, 974; Hickland v Hickland, 56 AD2d 978, 979; Tagarelli v Tagarelli, 50 AD2d 917, 918; 1 Tippins, New York Matrimonial Law and Practice § 7-10; cf., Matter of Brescia v Fitts, 56 NY2d 132). Such a showing, however, must be made initially by affidavit before the hearing processes of the court can be invoked (see, Hickland v Hickland, supra; cf., Howard v Howard, 120 AD2d 567, 568). At bar, the plaintiff's conclusory allegations fall far short of creating issues of material fact necessitating a hearing with respect to the contentions of changed circumstances. Accordingly, summary disposition of that branch of the plaintiff's motion which was for a downward modification of his support obligation was proper.

The plaintiff contends that a downward modification is required because (1) his former wife has obtained part-time employment, (2) his "disposable" income, as calculated by him, is less than the defendant's, (3) the expenses of entertaining the parties' six-year-old daughter during visitation with him have increased, and (4) he did not anticipate the cost of tuition at Hebrew Day School for his daughter, although he concededly agreed to pay three quarters of that tuition pursuant to the parties' separation agreement.

These contentions are unavailing. First, although the record reveals that the defendant has obtained part-time employment, the parties' separation agreement specifically reduces the extent of the plaintiff's support obligation by providing for decreased payments corresponding to increases in the income of the defendant. It should be noted that both attorneys conceded at oral argument that this adjustment has, in fact, already taken place. Indeed, the agreement contemplates and provides for further adjustments if her gross income increases further, above the amount which she earned at the time the instant motion and cross motion were made.

Accordingly, the defendant's part-time employment cannot be characterized as an unanticipated or substantial change of circumstances. Secondly, the plaintiff's own calculations with regard to the parties' respective "disposable income[s]", reveal that since the inception of the agreement, his disposable income has doubled while the defendant's has increased by less than $2,000. Moreover, although the plaintiff now argues

that a public school education will adequately fulfill his daughter's educational requirements, the separation agreement specifically provides for his daughter's attendance at Hebrew Day School, for which plaintiff is to provide a portion of the tuition. The plaintiff's bare allegation—raised some five years subsequent to the execution of the separation agreement —that he "did not fully understand the ramifications" of his tuition obligation is unavailing and lacking in credibility. The language of the agreement is clear and unequivocal and the plaintiff was represented by counsel of his own choosing at the time of its execution. The plaintiff, moreover, has adduced no evidence tending to establish that the execution of the agreement was tainted by unfairness, inequitable conduct or any other infirmity which might vitiate its otherwise binding affect (cf., *Levine v Levine*, 56 NY2d 42, 47-48; *Surlak v Surlak*, 95 AD2d 371, 375, *lv dismissed* 61 NY2d 906). Nor has the plaintiff set forth credible allegations indicating that the tuition costs contemplated by the parties at the time the agreement was executed differed materially from the costs presently involved or that these amounts represent a manifestly unfair or unanticipated burden in light of the plaintiff's own increased earnings and his voluntary assent to assume the obligation. Finally, the plaintiff's conclusory and undocumented allegation of "increased expenses" associated with visitation with his daughter fails to create genuine factual issues sufficient to invoke the hearing processes of the court. Mangano, J. P., Rubin, Kooper and Harwood, JJ., concur.