■ JOSEPHINE J. HARRINGTON, Respondent, v THOMAS HARRINGTON, Appellant.—In a matrimonial action in which the parties were divorced by judgment entered March 20, 1985, the defendant husband appeals (1) from an order of the Supreme Court, Suffolk County (Abrams, J.), dated August 26, 1986, which denied his motion to reform the judgment of divorce and to vacate a judgment of the same court, dated

December 13, 1985, awarding plaintiff wife arrears in maintenance and child support payments, and (2) from so much of an order of the same court, dated October 21, 1986, as granted that branch of the plaintiff's motion which was for leave to enter a money judgment for additional arrears, and denied his cross motion for a downward modification of the maintenance and child support ordered in the judgment of divorce.

Ordered that the order dated August 26, 1986, is affirmed, and the order dated October 21, 1986, is affirmed insofar as appealed from, with one bill of costs.

By order dated November 25, 1985, the plaintiff wife was granted leave to enter a money judgment in the amount of $4,517.20 based on arrears due under the parties' 1985 judgment of divorce. Approximately eight months after plaintiff's motion for leave to enter a money judgment was granted, and some 15 months after the parties' judgment of divorce was entered, the defendant claimed for the first time in a motion to reform the judgment and to vacate the plaintiff's money judgment, that the maintenance and child support figures contained in the judgment of divorce were the product of mistake and in excess of the amounts actually intended. The court denied the defendant's application, concluding, *inter alia,* that his motion to vacate was merely a belated attempt to reargue the plaintiff's motion for leave to enter a money judgment. Subsequently, that branch of the plaintiff's motion which was for yet another money judgment for additional arrears was granted and the defendant's cross motion for downward modification of his maintenance and child support obligation was denied. The defendant now appeals from these two orders.

Contrary to the defendant's contentions, the Supreme Court accurately characterized his motion to vacate as an untimely attempt to reargue the plaintiff's motion for leave to enter a money judgment some eight months earlier. In any event, we find that the defendant's conclusory allegations of mistake and reduced earnings fail to create credible issues of fact with respect to his contention that his maintenance and child support obligation should be reduced and that the judgment of divorce should be modified *(see, Nordhauser v Nordhauser,* 130 AD2d 561). Accordingly, the court properly declined to modify the judgment and properly awarded the plaintiff arrears premised upon the amounts specified therein. Lawrence, J. P., Weinstein, Rubin and Kooper, JJ., concur.