(July 20, 1987)

■ Rose Battista, Respondent, v Patsy Battista, Appellant. —In a matrimonial action in which the parties were divorced by judgment dated June 2, 1983, the defendant husband appeals from an order of the Supreme Court, Westchester County (Coppola, J.), dated July 28, 1986, which, *inter alia,* after a hearing, (1) granted his application for downward modification of maintenance only to the extent of reducing maintenance to $75 per week effective July 3, 1986, and (2) found him to be in arrears in the principal amount of $13,000 and directed him to liquidate the amount at the rate of $50 per week.

Ordered that the order is affirmed, with costs.

The parties were married in 1940. At the time of the hearing, the defendant husband was 74 years old and the plaintiff wife was about 64 years old. They had two children, a son who is deceased, and a daughter who is now 44 years old. The husband left the marital residence in 1954. Commencing in 1954, the defendant paid the wife $250 weekly, which he increased periodically until 1979, when he was paying $379 weekly and he stopped making payments. A pendente lite award of $250 weekly was made in December 1981. A divorce judgment was entered on or about June 2, 1983, followed by a supplemental judgment of divorce, entered on or about January 31, 1984. Incorporated in that judgment was a stipulation

entered into by the parties which provided for $250 weekly payments to the plaintiff, which were not subject to modification for a period of 18 months. The defendant married again shortly thereafter.

Prior to January 31, 1984, the defendant owned a vending machine business, which yielded about $30,000 income a year. His work included fixing the machines. On or about January 1984 (subsequent to the date of the supplemental judgment of divorce), the husband gave the business to his son as a gift. The defendant continued working as a consultant and received approximately $6,000 for those services in 1984. The defendant also transferred title to his present marital home and $6,000 in cash to his current wife. On April 2, 1985, he was struck by a car while he was crossing the street. He sustained injuries to his head, leg and other parts of his body. The defendant's sole income is approximately $1,008 in Social Security benefits.

On or about August 8, 1985, the defendant moved, by order to show cause, for a modification of the support obligation contained in the supplemental judgment of divorce, alleging a drastic change in his health and financial circumstances. After a full hearing and complete financial disclosure, the court modified the weekly payments from $250 to $75 weekly effective July 3, 1986, and ordered the defendant to pay $13,000, together with interest, in arrears, calculated from July 9, 1985, when he stopped making payments, at the rate of $50 a week until the arrears are paid.

A party seeking the modification of an award of maintenance must show that the loss of income was unavoidable (see, Matter of Doscher v Doscher, 80 AD2d 945, affd 54 NY2d 655). The evidence in this case indicates that the defendant's own behavior was, at the least, partially responsible for his drastic reduction in income. The reduction of his support obligation was appropriate to the extent granted by the Supreme Court, given his income and failing health.

However, the trial court properly exercised its discretion in not making the modification of the award retroactive to the date of the application. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.