■ Linda Senzer, Appellant, v Jeffrey Senzer, Respondent. —In a matrimonial action in which the parties were divorced by a judgment entered May 18, 1979, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated November 21, 1986, which denied her motion, *inter alia,* for upward modification of the child support provisions of the judgment.

Ordered that the order is affirmed, without costs or disbursements.

The gravamen of the plaintiff's claim is that the child support which she receives is inadequate to meet her children's needs. Therefore, the standard enunciated in *Matter of Brescia v Fitts* (56 NY2d 132) is applicable in this case. Under *Brescia,* the plaintiff must show that a change in circumstances has occurred. The plaintiff contends that there exist issues of fact regarding an increase in the defendant husband's income and additional expenses for her children which require a hearing to determine whether an upward modification is necessary.

We conclude, however, upon a review of the papers and documents annexed, that the plaintiff failed to raise any triable issues of fact with regard to her burden to establish a

change in circumstances *(Matter of Brescia v Fitts, supra)*. Her allegations as to such a change in circumstances are conclusory and unsubstantiated by the submitted evidence *(see, Johnston v Johnston, 115 AD2d 520; cf., Nordhauser v Nordhauser, 130 AD2d 561; Alheit v Alheit, 114 AD2d 920)*. Moreover, we note that the parties' separation agreement provides for increasing amounts of support *(see, Nordhauser v Nordhauser, supra)*, and specifically states that all college costs "shall be borne equally by and between the parties". Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.