■ Sheila Koch, Respondent, v Donald Koch, Appellant. —In a matrimonial action in which the parties were divorced by judgment entered February 1, 1978, the defendant husband appeals from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated August 25, 1986, as (1) denied those branches of his motion which were for modification of the judgment of divorce, to eliminate the award of alimony to the plaintiff wife and for financial disclosure by her, and (2) directed him to pay counsel fees in the amount of $750 to the plaintiff.

Ordered that the order is modified, on the law, by reducing the award of counsel fees to $500; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The Supreme Court properly concluded that the defendant husband had failed to make a sufficient showing of a substantial change in circumstances warranting elimination or reduction of the alimony award *(see, Lipow v Lipow,* 110 AD2d 756; *Gagliardi v Gagliardi,* 18 AD2d 788). Although the defendant demonstrated that his financial situation had changed, his own statement of net worth filed with his motion contradicted his claim that the changes had a negative effect on his ability to pay the awarded alimony. With respect to his claim that the plaintiff's financial status had changed substantially, the defendant's allegations were conclusory and based upon speculation *(see, Jaworsky v Jaworsky,* 87 AD2d 622). In the absence of the requisite initial showing, the court properly denied the defendant's requests for a hearing and for financial disclosure.

Although the plaintiff was not otherwise required to do so, her failure to file a statement of net worth pursuant to 22 NYCRR 202.16 (g) (1) precludes recovery of money expended for counsel fees to oppose the defendant's motion for modification of the alimony provisions. She may, however, recover counsel fees for services rendered "to secure * * * enforcement of a previously granted order or decree" (22 NYCRR 202.16 [g]) without filing a net worth statement. Accordingly, the order awarding counsel fees is modified by reducing the amount to the sum of $500 as the counsel fee attributable to the filing of an income execution. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.