■ MONA A. GERRINGER, Respondent-Appellant, v IRWIN GERRINGER, Appellant-Respondent.—In a matrimonial action in which the parties were previously divorced, the defendant husband appeals from so much of (1) an order of the Supreme Court, Dutchess County (Beisner, J.), dated February 26, 1988, as, without a hearing, granted that branch of the plaintiff wife's motion which was for leave to enter a judgment for arrears, inter alia, of maintenance and denied his cross motion to modify the judgment of divorce by terminating his obligation to pay maintenance, and (2) an order of the same court, entered June 17, 1988, as upon renewal and reargument of the plaintiff wife's motion and his cross motion, adhered to its original determination. The plaintiff wife cross-appeals from so much of the order dated February 26, 1988 as denied that branch of her motion which was for attorneys' fees.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the appeal from the order dated February 26, 1988 is dismissed, as the portions of that order appealed from were superseded by the order dated June 13, 1988, made upon renewal and reargument; and it is further,

Ordered that the order entered June 17, 1988 is affirmed insofar as appealed from; and it is further,

Ordered that the respondent-appellant is awarded one bill of costs.

The wife was properly granted leave to enter a judgment for arrears in the principal amount of $2,346.31 covering the period from August 1987 through December 4, 1987. The husband admitted that he failed to pay the maintenance required by the parties' settlement stipulation which was incorporated but not merged into the judgment of divorce. We agree with the Supreme Court that the husband did not show good cause for failing to seek relief from the support obligation before his default (see, Domestic Relations Law § 244; Penziner v Penziner, 123 AD2d 674, 676).

We also agree with the finding that the husband fell "far short of demonstrating the requisite extreme hardship upon which modification of this divorce judgment depends" (see, Domestic Relations Law § 236 [B] [9] [b]). The husband may not avoid the maintenance provisions of the settlement stipulation by transferring control of his business to his current wife. Furthermore, there was no indication that the husband's health problems had decreased his income or lessened his standard of living. Accordingly, the husband's application to terminate the maintenance provisions was properly denied without a hearing (see, Koch v Koch, 134 AD2d 574; Nordhauser v Nordhauser, 130 AD2d 561; Pintus v Pintus, 104 AD2d 866; Matter of Doscher v Doscher, 80 AD2d 945, affd 54 NY2d 655). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.