■ DONALD L. PRAEGER, Appellant, v HELENE C. PRAEGER, Respondent.—In a matrimonial action in which the parties were divorced by a judgment entered June 22, 1988, in which a stipulation of settlement entered into between the parties on September 11, 1987, was incorporated but not merged, the plaintiff husband appeals (1) from so much of an order of a Supreme Court, Dutchess County (Beisner, J.), entered November 10, 1988, as denied his motion for downward modification of maintenance and child support, (2) from so much of an order of the same court, also entered November 10, 1988, as granted stated portions of the defendant wife's motion for leave to enter a money judgment for certain arrears due the wife pursuant to the judgment of divorce and stipulation of settlement, (3) from so much of an order of the same court, entered March 8, 1989, as, upon renewal, adhered to the original determination denying a downward modification of maintenance and child support, and (4) from so much of an

order of the same court, also entered March 8, 1989, as granted that branch of the defendant wife's motion which was for leave to enter a money judgment for further arrears in maintenance and child support.

Ordered that the appeal from so much of the order entered November 10, 1988, as granted stated portions of the defendant's motion for leave to enter a money judgment for certain arrears is dismissed as abandoned; and it is further,

Ordered that the appeal from so much of the order entered March 8, 1989, as granted that branch of the defendant's motion which was for leave to enter a money judgment for further arrears, is dismissed as abandoned; and it is further,

Ordered that the appeal from the order entered November 10, 1988, which denied the plaintiff's motion for downward modification of his maintenance and child support obligations is dismissed, as that order was superseded by the order entered March 8, 1989, made upon renewal; and it is further,

Ordered that the order entered March 8, 1989, made upon renewal, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

Although the plaintiff husband purports to appeal from two orders entered November 10, 1988 and March 8, 1989, respectively, which dealt with the award of support and maintenance arrears and other moneys due the wife, in his brief the husband has failed to discuss the propriety of these orders. Accordingly, we find that the appeals from these orders have been abandoned.

The plaintiff, an ophthamologist and surgeon, had agreed, in a stipulation of settlement which was incorporated but not merged in the judgment of divorce, to make certain maintenance payments to the wife for six years and certain child support payments for their child. At the time that he entered into the stipulation he was approximately 53 years old, and had a history of heart disease, having previously undergone open-heart surgery, and suffered several heart attacks.

Approximately nine months after the execution of the agreement, the plaintiff suffered a stroke which he claimed rendered him disabled and unable to practice medicine, and forced him to close his office and dissolve his professional corporation. According to his moving papers, he now has a monthly net disability income of approximately $10,000, whereas he once made approximately $300,000 per year in his practice. Because of the resultant decrease in his income, the

plaintiff argued that he should be relieved of or have lessened the child support and maintenance obligations which were incorporated into the judgment of divorce pursuant to the parties' stipulation of settlement.

At oral argument, the defendant's attorney represented that the plaintiff's whereabouts have been unknown since June 1989 and that the plaintiff's attorney is unaware of his current address.

The party seeking to modify the maintenance provisions of a judgment of divorce in which the terms of a stipulation of settlement have been incorporated but not merged, must demonstrate that the continued enforcement of the party's maintenance obligations would create an "extreme hardship" *(Pintus v Pintus,* 104 AD2d 866, 867; *see also,* Domestic Relations Law § 236 [B] [9] [b]). With child support, the husband had the burden of establishing an " 'unanticipated and unreasonable change in circumstances' " *(Epel v Epel,* 139 AD2d 488). Moreover, where the application is one for a downward modification of child support, such a change in circumstances must be "substantial" *(see, Nordhauser v Nordhauser,* 130 AD2d 561, 562; *Matter of Allen v Bowen,* 149 AD2d 828, 829).

Upon our review of the record, we find that, even upon renewal, the plaintiff failed to come forward with sufficient disclosure of his finances or even to adequately establish the nature and extent of his medical condition, which he characterized as a permanent disability. In particular, we note that the plaintiff's financial documents were incomplete and failed to disclose the full extent of his income and assets. We find it significant that the plaintiff failed to disclose his bank balances and the income he earned on his various bank accounts and from his other investments. Without sufficient disclosure there can be no determination as to whether the plaintiff may still be able to meet his support and maintenance obligations from other sources notwithstanding the fact that he may no longer be able to practice medicine (see, *Pintus v Pintus, supra,* at 868; *see also, Gerringer v Gerringer,* 152 AD2d 652, 653).

Accordingly, on the basis of the plaintiff's insufficient showing, the Supreme Court correctly determined that he had failed to meet his burden of demonstrating "extreme hardship" upon his application for modification of maintenance and we further find that the husband also failed to establish the requisite "substantial" and "unanticipated and unreason-

able change in circumstances" for a downward modification of child support.

In view of the paucity of the plaintiff's submissions upon the motions, which, in our estimation, failed even to raise issues of material fact sufficient to necessitate an evidentiary hearing *(see, Nordhauser v Nordhauser, supra,* at 562; *see also, Gerringer v Gerringer, supra,* at 653; *Koch v Koch,* 134 AD2d 574), the court did not err in denying his request for such a hearing. Bracken, J. P., Sullivan, Harwood and Miller, JJ., concur.