■ MARY R. SAXTON, Respondent-Appellant, v EDWARD SAXTON, Appellant-Respondent.—In an action for a divorce and ancillary relief in which the parties were divorced by a judgment entered January 29, 1981, which judgment incorporated the terms of an agreement between the parties dated December 12, 1980, (1) the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (LaFauci, J.H.O.), dated June 2, 1988 as (a) granted that branch of his motion which was for downward modification of maintenance only to the extent of reducing maintenance to $200 per week, and denied that branch of his motion which was for termination of his maintenance obligation upon his retirement, and (b) granted the wife leave to enter a money judgment for maintenance arrears, and (2) the plaintiff wife cross-appeals from so much of the order as granted, in part, that branch of the husband's motion which was for downward modification of maintenance and denied her cross motion for upward modification of maintenance.

Ordered that the order is affirmed, without costs or disbursements.

The parties herein had executed an agreement in December of 1980 which was subsequently incorporated in, but not merged with, the judgment of divorce. The burden was upon the husband to demonstrate that the continued enforcement of his maintenance obligation would create an "extreme hardship" *(Pintus v Pintus,* 104 AD2d 866, 867-868; *see also,* Domestic Relations Law § 236 [B] [9] [b]).

The husband is a printer who had been employed for many years by the same company. When the firm went out of business, he found himself without employment. After futile attempts to gain similar employment, the 64-year-old husband started collecting his pension, and characterized his election to start collecting a pension as his forced retirement.

Under the particular circumstances at bar, we cannot say that the husband did not exhaust all his avenues for obtaining employment for which he was qualified. However, for the most part, the defendant husband found himself without a job through no fault of his own. He made a sufficient showing to justify downward modification of his maintenance obligation from $250 to $200 per week *(see, Battista v Battista,* 132 AD2d 639).

We note that the plaintiff wife's claim that her needs have increased was not substantiated. She submitted no medical evidence and her assertions as to medical expenses were conclusory and speculative.

We have considered the parties' remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kooper and O'Brien, JJ., concur.