■ ROXINE L. HARKAVY, Respondent, v MICHAEL HARKAVY, Appellant.—In a matrimonial action in which the parties were previously divorced by judgment entered September 13, 1983, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Marchese, J.H.O.), entered August 5, 1988, as, *inter alia,* awarded the plaintiff wife $7,127.57, representing maintenance arrears and a portion of the proceeds from the sale of jointly held stock, and directed him to pay the wife's counsel fees in the amount of $5,070.

Ordered that the judgment is modified, on the law and in the exercise of discretion, by (1) deleting the words "$8,267.57 less credit to defendant of $1,140, for a total of $7,127.57" from the first decretal paragraph thereof and substituting therefor the words "$7,100 less credit to defendant of $1,140, for a total of $5,960", (2) deleting from the second decretal paragraph thereof the sum "$5,070" and substituting therefor

the sum "$4,070", and (3) deleting the sum "$7,127.50" from the fourth decretal paragraph thereof and substituting therefor the sum "$5,960"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Roxine Harkavy and the defendant Michael Harkavy were married in June 1968 and have two children: an 18-year-old daughter, and a 14-year-old son. The wife commenced a divorce action against the husband in 1982, which was settled by stipulation dated July 22, 1983. The stipulation of settlement was incorporated in but not merged with the parties' ensuing judgment of divorce. At the time the parties entered into the stipulation, the husband was employed by a metropolitan newspaper and the wife was a homemaker and the primary caretaker of their children. Pursuant to the stipulation, the parties agreed that the wife would have custody of the children and that the husband would pay $61 per week per child in child support and $100 per week in maintenance.

Seven months after the parties entered into the stipulation, custody of their daughter was transferred to the husband. Custody of the parties' son was also subsequently transferred to the husband in December 1985. After gaining custody of both children, the husband ceased maintenance payments to his former wife, and she thereafter commenced this action seeking, *inter alia,* maintenance arrears. Noting that the husband had not interposed a counterclaim for modification of his maintenance obligation, the Supreme Court, after a hearing, awarded the wife $5,960 in arrears.

Contrary to the husband's contention, the Supreme Court did not err in awarding the wife maintenance arrears. It is well settled that the party seeking to modify the maintenance provisions of a judgment of divorce in which the terms of a stipulation of settlement have been incorporated but not merged, must demonstrate that the continued enforcement of his maintenance obligation would create an "extreme hardship" (Domestic Relations Law § 236 [B] [9] [b]; *see, Saxton v Saxton,* 163 AD2d 292; *Matter of Cohen v Seletsky,* 142 AD2d 111, 119-120; *Heath v Heath,* 128 AD2d 587). Assuming, arguendo, that the husband, in a timely fashion, raised a sufficient claim for relief from his maintenance obligation, the proof adduced at the hearing indicated only that there had been a change in custody. While the transfer of custody of the children to the husband was a significant change in circumstances, the husband failed to adduce any evidence at the hearing to indicate that his assumption of custody resulted in

extreme financial hardship. Moreover, the husband further failed to establish that he had good cause for not moving for a downward modification in maintenance prior to the accrual of arrears *(see, Gerringer v Gerringer,* 152 AD2d 652; *Heath v Heath, supra; Busetti v Busetti,* 108 AD2d 769, 771). Accordingly, the award of maintenance arrears to the wife was proper.

However, the court erred in awarding the wife half of the proceeds of the parties' jointly held stock as valued on the date of the sale. The parties' agreement expressly provided for the stock to be divided based upon its value on the date the stipulation was executed, and the wife's claim that an attorney's letter which referred to her entitlement to half of the proceeds of the sale superseded the plain meaning of the agreement is without merit. Thus, the award is reduced by $1,167.57. We have also reduced the amount of counsel fees awarded to the wife by $1,000, in light of the fact that her claim regarding the jointly held stock lacked merit and the calculation of counsel fees improperly included costs incurred in preparing the fee application *(see, Schussler v Schussler,* 123 AD2d 618).

We have examined the husband's remaining contention, and find that it is without merit. Thompson, J. P., Brown, Kunzeman and Eiber, JJ., concur.