■ In the Matter of MICHAEL HARKAVY, Appellant, v ROXINE L. HARKAVY, Respondent.—In three related proceedings, *inter alia,* for modification of child support and maintenance obligations, the petitioner husband appeals (1) from an order of the Family Court, Nassau County (Ryan, J.), entered December 20, 1988, which denied his objections to so much of an order of the same court (O'Shea, H.E.), dated September 19, 1988, as dismissed his application to increase the wife's child support obligation, (2) from an order of the Family Court, Nassau County (Joseph, J.), entered May 18, 1989, which denied his objections to an order of the same court (Watson, H.E.), dated March 16, 1989, dismissing his application to reduce his maintenance obligation, and (3) as limited by his brief, from so much of an order of the Family Court, Nassau County (Joseph, J.), entered June 8, 1989, as denied his application to (a) vacate an income execution served on his employer, (b) adjudge the wife's employer to be in contempt, and (c) vacate the order entered December 20, 1988.

Ordered that the order entered December 20, 1988, is reversed, on the law, without costs or disbursements, and the petitioner's objection to so much of the order of the same court dated September 19, 1988, as dismissed his application to increase the wife's support obligation is sustained, so much of the order dated September 19, 1988, as denied his application is vacated, and the matter is remitted to the Family Court, Nassau County, for a hearing and determination on that application; and it is further,

Ordered that the order entered May 18, 1989, is reversed, on the law, without costs or disbursements, the petitioner's objection to the order of the same court dated March 16, 1989, which dismissed his application to reduce his maintenance obligation is sustained, the order dated March 16, 1989, is vacated, and the matter is remitted to the Family Court, Nassau County, for a hearing and determination on that application; and it is further,

Ordered that so much of the order entered June 8, 1989, as denied that branch of the appellants' motion which was to vacate the order entered December 20, 1988, is dismissed as academic, in light of our determination on the appeal from the order entered December 20, 1988, and the order entered June 8, 1989, is otherwise affirmed, without costs or disbursements.

The parties settled their divorce action on July 22, 1983, by entering into a stipulation which was incorporated in but did

not merge with their judgment of divorce *(see, Harkavy v Harkavy,* 167 AD2d 510 [decided herewith]). The stipulation provided for the wife, at that time a full-time homemaker, to be the custodial parent of the parties' two children. The parties further agreed that their assets, including the marital residence, would be essentially split evenly, and that the husband would pay child support as well as $100 per week maintenance.

Custody of both children was subsequently transferred to the father, and the wife obtained employment outside the home. Following the change in custody, in March 1987 the Supreme Court directed the wife to pay child support in the sum of $10 per week per child. Fifteen months later, the husband commenced a Family Court proceeding seeking upward modification of the wife's support obligation. He then commenced a second proceeding seeking elimination of the maintenance obligation imposed by the stipulation of settlement, and a third proceeding, *inter alia,* to renew his application for increased child support. The Family Court denied him the relief sought, and these appeals ensued.

The parties' financial statements demonstrate that at the time of the first Family Court hearing, the wife was earning approximately one third of the parties' combined income, while contributing a disproportionate $10 per week per child to her children's support. This documentary evidence, coupled with the husband's testimony that the children's expenses had increased, raised a substantial question as to whether the reasonable needs of the children warranted an upward modification of child support. Under these circumstances, the Hearing Examiner, who undertook examination of the litigants since they had appeared *pro se,* erred in failing to develop a full record regarding the parties' financial situation in March 1987, when the original order awarding $10 per week per child was made, and at the time of the hearing *(see, Matter of Tibaldi v Otten,* 111 AD2d 859).

Moreover, in light of the husband's financial statement, which indicated his and the children's expenses significantly exceeded his income, we find that a substantial question was raised as to whether a reduction in his maintenance obligation was warranted based on extreme hardship. Thus, both the application to increase the wife's child support obligation and the application to decrease the husband's maintenance obligation are remitted to the Family Court, Nassau County, for further hearings and determinations consistent herewith.

We have considered the husband's remaining contentions,

and find them to be without merit. Thompson, J. P., Brown, Kunzeman and Eiber, JJ., concur.