■ DORIS ZACCHIA, Appellant, v LOUIS ZACCHIA, Respondent.—In a matrimonial action in which the parties were divorced by a judgment dated June 5, 1985, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), dated October 20, 1988, which, after a hearing, denied her application for an upward modification of the maintenance award in the judgment.

Ordered that the order is affirmed, with costs.

The plaintiff Doris Zacchia and the defendant Louis Zacchia were married in January 1946 and have two adult children. The couple separated in 1975, and the wife subsequently commenced a divorce action against the husband in September 1984. This action was settled by a stipulation dated May 17, 1985, which survived and was not merged in the ensuing judgment of divorce. Pursuant to the stipulation, the husband agreed to pay the wife a lump sum of $60,000, as well as maintenance in the sum of $150 per month until the death of either party or the wife's remarriage.

Two and one-half years later, the wife moved for an upward

modification of her maintenance award, alleging that she was no longer able to be self-supporting because of her poor health and lack of any marketable training and skills. Following a hearing, the Supreme Court denied her application, finding that the financial hardship claimed by the wife was self-created because she had voluntarily left her job as an employee in her husband's concession business, and had failed to seek other employment or demonstrate the existence of a medical condition which prevented her from so doing. We affirm.

It is well settled that a party seeking to modify the maintenance provisions of a judgment of divorce in which the terms of a stipulation of settlement have been incorporated but not merged must establish that the continued enforcement of these maintenance provisions would create an "extreme hardship" *(see,* Domestic Relations Law § 236 [B] [9] [b]; *Saxton v Saxton,* 163 AD2d 292; *Matter of Cohen v Seletsky,* 142 AD2d 111, 119-120). A party seeking the modification of an award of maintenance must additionally show that his or her loss of income was unavoidable *(see, Saxton v Saxton, supra; Battista v Battista,* 132 AD2d 639; *see also, Matter of Doscher v Doscher,* 80 AD2d 945, *affd* 54 NY2d 655). In this case, however, the record supports the hearing court's conclusion that the wife's behavior was at least partially responsible for any financial hardship she was experiencing at the time of the hearing, since she had voluntarily left her employment and failed to seek another job. Moreover, although the wife's physician testified that she might be suffering from a peptic ulcer and an underactive thyroid, the wife failed to undergo the medical testing necessary to confirm this diagnosis. Her physician further indicated that these conditions were treatable, and if successfully treated would not impair her ability to work. Under these circumstances, the Supreme Court properly concluded that the wife had failed to demonstrate her entitlement to an upward modification of maintenance. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.