■ DORETTA M. TRAINOR, Appellant, v JOSEPH F. TRAINOR, Respondent.—In a matrimonial action in which the parties were divorced by a judgment of the Supreme Court, Suffolk County (Fierro, J.), entered October 19, 1989, the plaintiff wife appeals from an order of the same court dated October 9, 1990, which, without a hearing, denied her motion, *inter alia,* for a modification of the child support and maintenance provisions of the judgment of divorce.

Ordered that the order is affirmed, without costs or disbursements.

Pursuant to Domestic Relations Law § 236 (B) (9) (b), the Supreme Court may modify the child support or maintenance provisions of a prior judgment "upon a showing of the recipient's inability to be self-supporting or a substantial change in circumstances". In order to be entitled to an evidentiary hearing in connection with an application made pursuant to this statute, the movant must submit an affidavit sufficient to show the existence of a genuine issue of fact *(see generally, Wyser-Pratte v Wyser-Pratte,* 66 NY2d 715; *Smith v Smith,* 174 AD2d 818; *Praeger v Praeger,* 162 AD2d 671; *Gerringer v Gerringer,* 152 AD2d 652; *Senzer v Senzer,* 132 AD2d 694). We agree with the Supreme Court that the plaintiff wife failed to submit such an affidavit, and that she failed to demonstrate the existence of any material issue of fact.

The plaintiff's application for a modification of the mainte-

nance provision of the underlying judgment was based primarily on her assertion that, due to a medical condition, she is unable to secure the kind of employment which, as of the time of the underlying judgment, she had anticipated. However, the plaintiff submitted no proof that this medical condition, which, in any event, has not been verified (see, Praeger v Praeger, 162 AD2d 671, supra), either arose, or significantly worsened, during the brief period which elapsed between the time of the underlying judgment and the time of the present application. The proof of a "substantial change in circumstance" (Domestic Relations Law § 236 [B] [9] [b]) was thus insufficient to warrant a hearing.

The plaintiff wife also asserted that unless the maintenance provision of the underlying judgment were to be modified, she would become "poverty stricken". However, considering her financial interest in two pieces of real property valued, respectively, at $262,000 and $360,000, we find that the plaintiff's conclusory assertion that she is unable to be self-supporting (see, Domestic Relations Law § 236 [B] [9] [b]) is baseless. There is no competent evidence that these properties cannot be sold quickly for a reasonable price, as required by the underlying judgment. The plaintiff's assertion that she was "advised by real estate brokers that the average turnaround for a residential house is 27 months" is hearsay, and is thus without evidentiary value. We also note that the two properties were, at the time of the present application, "listed" for sale in amounts significantly higher than their appraised value. The plaintiff cannot claim to be "poverty stricken" while at the same time retaining an interest in these valuable properties, in the absence of competent evidence to explain why these properties have not been or cannot be sold in accordance with the terms of the divorce judgment.

The plaintiff's affidavits also failed to reveal any genuine issue of fact as to the inadequacy of the child support provisions of the underlying judgment. The child in question, born in July of 1977, was 12 years old when the underlying judgment was entered, and was still 12 years old when the present motion was made. The plaintiff produced no more than conclusory allegations that the child's circumstances had changed substantially during this extremely brief period (see, Senzer v Senzer, 132 AD2d 694, supra). There was no indication that this 12-year-old boy's "need" for piano lessons, private tutors, or summer vacations became more compelling after the time of the trial and judgment. We also note that in her affidavits the plaintiff did not address whether her son's prospective

orthodontic treatment (at an estimated cost of $2,800) would be covered by the dental insurance which the defendant is required to maintain, and failed to explain how her son's having undergone one tonsillectomy in the past should be taken as proof of his need for a greater amount of monthly child support in the future. Bracken, J. P., Sullivan, Copertino and Santucci, JJ., concur.