■ ELLEN SUE KURTZ, Respondent, v MICHAEL JOHNSON, Appellant. [865 NYS2d 242]—

In a matrimonial action in which the parties were divorced by judgment entered May 2, 2005, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), entered September 26, 2007, as granted that branch of the plaintiff's motion which was to compel compliance with a provision of the parties' stipulation of settlement made in open court, which was incorporated but not merged into the judgment of divorce.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the parties' stipulation of settlement made in open court, which was incorporated but not merged into the judgment of divorce, did not unambiguously provide that he was entitled to use their children's college funds to fulfill his obligation under the stipulation to pay their college tuition in an amount not to exceed his pro rata share of the so-called "SUNY cap." Rather, it was ambiguous as to whether he was entitled to do so (*see Matter of Berns v Halberstam,* 46 AD3d 808 [2007]).

Since the stipulation was ambiguous, extrinsic evidence may be considered in determining the parties' intent. Considering

the terms of the stipulation, and taking into account, inter alia, the parties' discussions as to what school the parties' oldest child was to attend, and the defendant's apparent agreement therewith, the correct interpretation of the stipulation was, as the plaintiff contends and the Supreme Court determined, that the defendant's tuition payment obligations were to be in addition to any tuition payments made from the children's college funds (*see Driscoll v Driscoll*, 45 AD3d 723 [2007]). Prudenti, P.J., Ritter, Florio and McCarthy, JJ., concur.