■ GABRIELLA NAWI, Respondent, v WILLIAM MORGAN DIXON, Appellant. [875 NYS2d 448]—

Order, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered October 22, 2008, which, upon reargument, adhered to the prior order of the Supreme Court, New York County (Laura Visitación-Lewis, J.), entered July 15, 2008, granting the mother's motion for child care arrears in the amount of $8,175 and ordering the father to contribute to ongoing child care expenses pursuant to the terms of the parties' settlement agreement, and granted the mother's cross motion for attorney fees to the extent of directing the father to pay $2,500, unanimously affirmed, without costs. Order, Supreme Court, New York County (Laura Visitación-Lewis, J.), entered July 15, 2008, which, to the extent not superseded by the subsequent order, denied the father's cross motion for attorney fees, unanimously affirmed, without costs.

While the court stated that the father's motion for reargument was denied, the court considered the merits of the underlying motion and the mother's cross motion and adhered to the court's original determination with respect to the underlying motion. Thus, contrary to the mother's contention, the order is appealable as of right (see CPLR 5701 [a] [2] [viii]; see also 6645 Owners Corp. v GMO Realty Corp., 306 AD2d 97, 98 [2003]). Contrary to the father's contention, the stipulation was ambiguous with respect to when he had access to the child, and thus the court properly considered extrinsic evidence to determine the parties' intent with respect to child care costs and responsibilities on the father's days (see generally Kurtz v Johnson, 54 AD3d 904 [2008]). The father does not deny that he has access to the child after school on his scheduled days and it is undisputed that the nanny cares for the child until the father picks him up after work on those days; hence, the court properly determined that, under the terms of the parties' settlement agreement, the father is obligated to pay his pro rata share of the child care costs associated with the nanny's employment (see generally id. at 904).

The court properly granted the mother's cross motion for attorney fees since the mother, the prevailing party, was entitled to such fees pursuant to the default provision of the parties' settlement agreement (see Shanon v Patterson, 38 AD3d 519, 519 [2007]). For this reason, the father's cross motion for attorney fees was properly denied. Concur—Tom, J.P., Andrias, Nardelli, Buckley and DeGrasse, JJ.