In a matrimonial action in which the parties were divorced by judgment dated May 21, 1997, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), entered January 14, 2009, as granted that branch of the defendant’s motion which was for an extension of maintenance pursuant to the parties’ stipulation of settlement dated April 30, 1997, which was incorporated but not merged into the judgment of divorce, to the extent of awarding her monthly maintenance in the sum of $3,000 until she reaches the age of 65, and thereafter to continue in the sum of $2,500 until the death of either party, or the defendant’s remarriage, and (2) the defendant cross-appeals, as limited by her notice of appeal and brief, from so much of the same order as denied those branches of her motion which were for an award of nondurational maintenance in the sum of $16,000 per month, leave to enter judgment in the sum of $31,404.14 for the plaintiffs alleged default in complying with the parties’ stipulation of settlement, and for an award of costs and an attorney’s fee.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant’s motion which was for an extension of maintenance to the extent of *1042 awarding the defendant monthly maintenance in the sum of $3,000 until she reaches the age of 65, and thereafter to continue in the sum of $2,500 until the death of either party, or the defendant’s, remarriage, and substituting therefor a provision granting that branch of the defendant’s motion which was for an extension of maintenance to the extent of awarding the defendant monthly maintenance in the sum of $2,000 until she reaches the age of 65, and thereafter to continue in the sum of $1,800 until the death of either party, or the defendant’s remarriage; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On April 30, 1997, after 26 years of marriage, the plaintiff and the defendant entered into a stipulation of settlement, which was incorporated but not merged into a judgment of divorce dated May 21, 1997 (hereinafter the stipulation). The stipulation provided, inter alia, for the plaintiff to pay the defendant tax-free monthly maintenance in the sum of $3,000 for a period of 10 years, and permitted the plaintiff to seek an appropriate extension of maintenance to be granted in a “just and proper” amount if she established that she was “still not self-supporting at or near the pre-separation standard of living.”
On or about April 4, 2008, the defendant moved, inter alia, for an award of nondurational maintenance in the sum of $16,000 per month, and for leave to enter judgment against the plaintiff in the sum of $31,404.14 to reimburse her for, among other things, an attorney’s fee resulting from his alleged failure to fulfill certain of his obligations to reimburse her for income taxes as provided in the stipulation, and for an award of costs and an attorney’s fee.
The plaintiff cross-moved for an award to him or his attorneys of a reasonable attorney’s fee and costs, and to impose sanctions against the defendant pursuant to 22 NYCRR 130-1.1 (a).
The defendant effectively waived the claim that she was entitled to monthly maintenance in the sum of $16,000, adjusted for inflation, based on a preseparation standard of living of $8,260 per month. She ratified the terms of the stipulation by accepting payments thereunder for nearly 10 years without raising the contention that the monthly maintenance award of $3,000 was insufficient to provide her with a preseparation standard of living (see Cosh v Cosh, 45 AD3d 798 [2007]; Weissman v Weissman, 42 AD3d 448, 450 [2007]; Wasserman v Wasserman, 217 AD2d 544 [1995]). However, the defendant established that she was “still not self-supporting at or near the pre-separation standard of living” and was, therefore, entitled to an extension of maintenance pursuant to the terms of the *1043 stipulation (see Wexler v Wexler, 34 AD3d 458 [2006]). At the time of the hearing, the defendant had assets in excess of $860,000 and a net worth in excess of $848,000. Considering, inter alia, such assets, together with the defendant’s eligibility for Social Security and Medicare benefits, factors in determining the amount of an award of maintenance (see Domestic Relations Law § 236 [B] [6] [a] [1]; Giokas v Giokas, 73 AD3d 688, 689 [2010]; Baron v Baron, 71 AD3d 807 [2010]; Trainor v Trainor, 188 AD2d 461 [1992]), we find that the defendant should receive monthly maintenance in the sum of $2,000 until she reaches the age of 65, and thereafter to continue in the sum of $1,800 until the death of either party, or the defendant’s remarriage.
The parties’ remaining contentions are without merit. Skelos, J.P., Angiolillo, Hall and Lott, JJ., concur.