■ ELRALDO SPRINGER, Appellant, v DIANE SPRINGER, Respondent. [1 NYS3d 830]—

In a matrimonial action in which the parties were divorced by a judgment dated May 29, 2009, the plaintiff appeals, as

limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bennett, J.), dated September 20, 2013, as granted that branch of the defendant's cross motion which was to direct him to pay his pro rata share of the out-of-pocket college costs of the parties' oldest child, pursuant to the terms of the parties' stipulation of settlement.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court properly construed the provision of the parties' stipulation of settlement governing parental contributions to their children's college costs. Since the language of the subject provision was susceptible of different interpretations, the provision was ambiguous, and the court was entitled to rely upon, inter alia, the language of the entire agreement and the circumstances surrounding its execution in construing the provision (*see generally Kurtz v Johnson*, 54 AD3d 904, 904-905 [2008]). In doing so, the court was required to "arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Matter of Schiano v Hirsch*, 22 AD3d 502, 502 [2005]).

Here, the parties expressly acknowledged that their son would likely attend college, and they stated their mutual intention to contribute to his college expenses up to their pro rata shares of the so-called "SUNY cap." However, while the defendant advocated an interpretation of the stipulation provision that would achieve that intention, the plaintiff proposed an interpretation that would render the parental contribution obligation largely illusory by first deducting the son's financial aid award, scholarships, grants, and student loans from the SUNY cap amount rather than from the total amount of the son's college expenses. The Supreme Court correctly adopted the defendant's proffered interpretation of the provision to require that all financial aid awarded to the son be applied first to reduce the son's total college costs before reducing the SUNY cap parental obligation. This construction of the provision gave effect to all of the agreement's provisions (*see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006]; *Givati v Air Techniques, Inc.*, 104 AD3d 644, 645 [2013]; *Hudson Val. Props. & Rentals v Ursuline Provincialate, E. Province of U.S.*, 221 AD2d 507, 509 [1995]), was consistent with the parties' intentions, and accorded the language of the subject provision a sensible and practical meaning (*see Riverside S. Planning Corp. v CRP/*

*Extell Riverside, L.P.*, 13 NY3d 398, 404 [2009]; *Matter of Apjohn v Lubinski*, 114 AD3d 1061, 1063 [2014]). Mastro, J.P., Roman, Sgroi and Barros, JJ., concur.