■ Teri Lynn Noren, Respondent, v Steven Altman Babus, Appellant. [41 NYS3d 94]—

Appeal by the defendant from an order of the Supreme Court, Westchester County (Janet Malone, J.), dated August 8, 2014. The order, insofar as appealed from, denied the defendant's

motion for a downward modification of his maintenance obligation and granted those branches of the plaintiff's motion which were to direct the defendant to pay the mortgage on the marital residence, direct the defendant to assign to the plaintiff an interest in the defendant's estate, and restrain the defendant from transferring his separate property to any third parties until November 30, 2028.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of plaintiff's motion which was to restrain the defendant from transferring his separate property to any third parties until November 30, 2028, and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff and the defendant were married for nearly 27 years and had two children together. On June 19, 2012, the plaintiff filed for divorce, and on September 30, 2013, the parties entered into a stipulation of settlement, which provided, inter alia, that the defendant would pay the plaintiff $10,500 per month in maintenance for a period of 15 years.

Prior to the entry of the judgment of divorce, the plaintiff moved to hold the defendant in contempt of court for his willful failure to comply with the stipulation of settlement, and the defendant moved for a downward modification of his maintenance obligation. By order dated January 16, 2014, the Supreme Court denied the defendant's motion for a downward modification and granted those branches of the plaintiff's motion which were to direct the defendant to pay the mortgage on the marital residence and to assign to the plaintiff a claim against the defendant's estate in the event his life insurance proceeds were insufficient to cover any remaining maintenance obligation upon his death. The judgment of divorce, which incorporated but did not merge with the stipulation of settlement, was entered on January 21, 2014.

Thereafter, the plaintiff moved to hold the defendant in contempt of court for his failure to comply with the order dated January 16, 2014, and the defendant again moved for a downward modification of his maintenance obligation. By order dated August 8, 2014, the Supreme Court, inter alia, denied the defendant's motion for a downward modification of his maintenance obligation and granted those branches of the plaintiff's motion which were to direct the defendant to pay the mortgage on the marital residence, to assign to the plaintiff an interest in the defendant's estate, and to restrain the defendant from transferring his separate property to any third par-

ties until November 30, 2028. The defendant appeals from the order dated August 8, 2014.

Initially, we note that the defendant seeks to clarify a discrepancy between the body and a decretal paragraph of the order appealed from. In the body of the order, the Supreme Court stated that the defendant was to assign to the plaintiff a claim against his estate "in the amount of $500,000" in the event that the proceeds from his life insurance policy were insufficient to cover any outstanding maintenance obligation at the time of his death. The parties acknowledge that this was a scrivener's error, and that, as provided for in the decretal paragraph of the order, the defendant must instead assign to the plaintiff a claim against his estate in the event that the proceeds from his $500,000 life insurance policy are insufficient to cover any outstanding maintenance obligation at the time of his death (*see D'Iorio v D'Iorio*, 135 AD3d 693, 695 [2016]).

Domestic Relations Law § 236 (B) (9) (b) (1) provides that, in a matrimonial action, the court may modify the maintenance award of any prior order or judgment upon a showing of "a substantial change in circumstance, including financial hardship." The party seeking the modification of a maintenance award has the burden of establishing "the existence of the change in circumstances that warrants the modification" (*Rabinovich v Shevchenko*, 120 AD3d 786, 786 [2014]; *see Taylor v Taylor*, 107 AD3d 785, 786 [2013]). Here, the Supreme Court properly denied the defendant's motion for a downward modification of his maintenance obligation, as the defendant failed to make the threshold showing of a substantial change in circumstances that would warrant such a modification (*see Matter of Navarro v Navarro*, 19 AD3d 499 [2005]; *Matter of Clarke v Clarke*, 8 AD3d 272 [2004]; *Beard v Beard*, 300 AD2d 268 [2002]; *Zacchia v Zacchia*, 168 AD2d 677 [1990]; *Saxton v Saxton*, 163 AD2d 292 [1990]; *Battista v Battista*, 132 AD2d 639 [1987]).

The Supreme Court also properly construed the provision of the parties' stipulation governing payment of the mortgage on the marital residence. Since the language of the subject provision was susceptible of different interpretations, the provision was ambiguous, and the court was entitled to rely upon the language of the entire agreement and the circumstances surrounding its execution in construing the provision (*see Springer v Springer*, 125 AD3d 842 [2015]; *Kurtz v Johnson*, 54 AD3d 904 [2008]). During motion practice, both the defendant and the plaintiff interpreted the provision to require the defendant to pay the mortgage on the marital residence. Indeed, in op-

position to the plaintiff's motion, the defendant submitted an affidavit in which he acknowledged that the stipulation provided that he was solely responsible for paying the mortgage on the marital residence. Thus, given this evidence of the parties' intent, the Supreme Court properly interpreted the provision to require the defendant to pay the mortgage, and properly directed the defendant "to bring the mortgage current on or before October 1, 2014" (*see Springer v Springer*, 125 AD3d 842 [2015]; *Kurtz v Johnson*, 54 AD3d 904 [2008]; *Driscoll v Driscoll*, 45 AD3d 723 [2007]).

However, the Supreme Court erred in granting that branch of the plaintiff's motion which was to restrain the defendant from transferring his separate property to any third parties until November 30, 2028, as the ownership of separate property was resolved by the stipulation of settlement (*see D'Iorio v D'Iorio*, 135 AD3d 693 [2016]). Chambers, J.P., Austin, Sgroi and Cohen, JJ., concur.