Kammerer v Kammerer (2019 NY Slip Op 05968)





Kammerer v Kammerer


2019 NY Slip Op 05968


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-05853
 (Index No. 25439/98)

[*1]Nancy Kammerer, respondent, 
v
Robert J. Kammerer, appellant.


Saltzman Chetkof & Rosenberg LLP, Garden City, NY (Michael Chetkof and Allyson D. Burger of counsel), for appellant.
Parola & Gross, LLP, Wantagh, NY (Barry J. Gross of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), entered April 21, 2017. The order, insofar as appealed from, without a hearing, denied that branch of the defendant's motion which was to reduce his maintenance obligation and, in effect, granted that branch of the defendant's motion which was to reduce the value of the life insurance policy that he was required to maintain for the benefit of the plaintiff only to the extent of reducing the value of that policy to $500,000.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties divorced in 2005. The defendant was directed to pay the plaintiff $800 per week in non-durational maintenance and to maintain "a policy of decreasing term [life] insurance with an initial face value of $1,000,000, with the [plaintiff] as beneficiary."
In 2016, by order to show cause, the defendant moved (1) to eliminate his obligation to maintain a $1 million life insurance policy for the plaintiff's benefit, (2) in the alternative, to reduce the value of the life insurance policy that he was required to maintain, and (3) to reduce his maintenance "obligation commensurate with the amount of social security income Plaintiff presently receives." As relevant here, the Supreme Court, without a hearing, in effect, granted that branch of the defendant's motion which was to reduce the value of the life insurance policy that he was required to maintain only to the extent of reducing the value of that policy to $500,000, and denied that branch of the motion which was to reduce the defendant's maintenance obligation. The defendant appeals.
"Upon application by either party, the court may annul or modify any prior order or judgment made after trial as to maintenance, . . . upon a showing of a substantial change in circumstances" (Domestic Relations Law § 236[B][9][b][1]). "The party seeking the modification of a maintenance award has the burden of establishing the existence of the change in circumstances that warrants the modification" (Noren v Babus, 144 AD3d 762, 764 [internal quotation marks omitted]). On a motion for downward modification of child support and maintenance obligations, an evidentiary hearing is necessary only where the evidence submitted by the movant is sufficient to show the existence of a genuine issue of fact (see Reback v Reback, 93 AD3d 652, 652-653; [*2]D'Alesio v D'Alesio, 300 AD2d 340, 341; Mishrick v Mishrick, 251 AD2d 558, 558; Senzer v Senzer, 132 AD2d 694, 694-695; Nordhauser v Nordhauser, 130 AD2d 561, 562-563).
We agree with the Supreme Court's determination to grant, without a hearing, that branch of the defendant's motion which was to reduce the value of the term life insurance policy that he was required to maintain only to the extent of reducing the value of that policy to $500,000, and to deny that branch of the defendant's motion which was to reduce his maintenance obligation. Contrary to the defendant's contentions, he did not submit sufficient evidence that there was a substantial change in circumstances warranting a hearing, a reduction in his maintenance obligation, or a reduction of his life insurance obligation in excess of that granted by the court (see Noren v Babus, 144 AD3d at 764; Reback v Reback, 93 AD3d at 652-653; D'Alesio v D'Alesio, 300 AD2d at 341; Mishrick v Mishrick, 251 AD2d at 558; Senzer v Senzer, 132 AD2d at 694-695; Nordhauser v Nordhauser, 130 AD2d at 562-563).
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court