◼ LYLE STEINBERG, Respondent, v DONNA STEINBERG, Appellant. [713 NYS2d 197] —In a matrimonial action in which the parties were divorced by judgment entered August 13, 1991, the defendant appeals (1) from an order of the Supreme Court, Westchester County (Shapiro, J.), dated January 20, 1998, and (2), as limited by her brief, from so much of an order of the same court, entered March 22, 1999, as denied that branch of her cross motion which was for an upward modification of the plaintiff's maintenance and child support obligations.

Ordered that the appeal from the order dated January 20, 1998, is dismissed; and it is further,

Ordered that the order entered March 22, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appellant has raised no argument in her brief concerning any provision of the order dated January 20, 1998. Therefore, the appeal from that order must be dismissed as abandoned.

Concerning the appeal from the order entered March 22, 1999, "[t]he party seeking to modify the maintenance provisions of a judgment of divorce in which the terms of a stipulation of settlement have been incorporated but not merged, must demonstrate that the continued enforcement of the party's maintenance obligations would create an 'extreme hardship' " (*Praeger v Praeger,* 162 AD2d 671, 673, quoting *Pintus v Pintus,* 104 AD2d 866, 867; *see,* Domestic Relations Law § 236 [B] [9] [b]). In this case, there was no evidence of extreme hardship that would justify the modification of the awards of maintenance and child support. Notwithstanding the appellant's partial disability, the record reflects that she is not incapacitated, and has obtained employment as a paralegal (*see, Trainor v Trainor,* 188 AD2d 461). The evidence does not support a finding that the appellant requires an increase in child support (*see, Senzer v Senzer,* 132 AD2d 694). Ritter, J. P., Santucci, Florio and H. Miller, JJ., concur.