■ ROBERT AMEEN, Respondent, v GEORGIA L. AMEEN, Appellant. [742 NYS2d 100] —In a matrimonial action in which the parties were divorced by judgment dated May 10, 1982, the defendant appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Yancey, J.), dated April 25, 2001, as, in effect, failed to decide that branch of her motion which was to set aside an agreement dated September 23, 1982, and (2) from an order of the same court (Marks, J.H.O.), dated July 16, 2001, which denied those branches of her motion which were for an upward modification of the plaintiff's maintenance and child support obligations.

Ordered that the appeal from so much of the order dated April 25, 2001, as, in effect, failed to decide that branch of the motion which was to set aside an agreement dated September 23, 1982, is dismissed; and it is further,

Ordered that the order dated July 16, 2001, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from so much of the order dated April 25, 2001, as, in effect, failed to decide that branch of the motion which was to set aside an agreement dated September 23, 1982, does not dispose of the issues raised by the defendant's motion and does not affect a substantial right. Therefore, it is not appealable as of right (see CPLR 5701 [a] [2] [v]; Davidson-Sakuma v Sakuma, 280 AD2d 577; Devine v Devine, 106 AD2d 487). Moreover, that branch of the motion must be dismissed as it remains pending and undecided (see Lavi v Old Cedar Dev. Corp., 281 AD2d 397; Tkach v City of New York, 278 AD2d 227; Katz v Katz, 68 AD2d 536).

Concerning the appeal from the order dated July 16, 2001, a party seeking to modify the maintenance provision of a judgment of divorce, in which the terms of a separation agreement have been incorporated but not merged, must demonstrate that the continued enforcement of these maintenance provisions would create an extreme hardship (see Domestic Relations Law § 236 [B] [9] [b]; Steinberg v Steinberg, 275 AD2d 705; Lewis v Lewis, 183 AD2d 875; Zacchia v Zacchia, 168 AD2d 677). Here, there was no evidence of extreme hardship that would justify a modification of the maintenance provision of the judgment. Notwithstanding her allegations of poor health and an inability to be self supporting, the defendant failed to demonstrate that either her back injury, asthma, or diabetes prevented her from obtaining suitable employment (see Zacchia v Zacchia, supra). In addition, the defendant failed to show that there has been a change in circumstances since an order of the Family Court dated March 26, 1998, modifying the child support terms of the separation agreement, or that the child's right to receive adequate support was not being met (see Michaels v Michaels, 56 NY2d 924; Matter of Brescia v Fitts, 56 NY2d 132).

The defendant's remaining contention is without merit. O'Brien, J.P., Friedmann, Schmidt and Townes, JJ., concur.