■ THERESA A. SHERMAN, Respondent, v PAUL PICCIONE et al., Appellants, et al., Defendants. [757 NYS2d 112] —In an action to recover damages for medical malpractice, etc., the defendants Otolaryngology Facial Plastic Surgery Associates, P.C., Francis Tsao, and Moshen Habib appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Patterson, J.), dated November 19, 2001, as granted that branch of the plaintiff's motion which was, in effect, for leave to renew that branch of her prior motion which was to amend the complaint to add a cause of action for wrongful death insofar as asserted against them, and, upon renewal, granted that branch of the prior motion, and the defendant Paul Piccione separately appeals from the same order.

Ordered that the appeal by the defendant Paul Piccione is dismissed as abandoned (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendants Otolaryngology Facial Plastic Surgery Associates, P.C., Francis Tsao, and Moshen Habib, on the law, and that branch of the plaintiff's motion which was, in effect, for leave to renew that branch of her prior motion which was to amend the complaint to add a cause of action for wrongful death insofar as asserted against those defendants is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants Otolaryngology Facial Plastic Surgery Associates, P.C., Francis Tsao, and Moshen Habib.

CPLR 2221 provides, inter alia, that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination * * * and shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]). In the case at bar, the plaintiff's initial motion to amend her pleadings was rejected when the Supreme Court concluded, in part, that her physician's affidavit was conclusory. Even assuming that the affidavit which the plaintiff offered on the motion to

renew, which was prepared by the same physician, constituted new facts, the plaintiff wholly failed to offer any explanation for the failure to present such facts upon the original motion. Under such circumstances, the Supreme Court improperly granted that branch of the plaintiff's motion which was, in effect, for leave to renew that branch of her prior motion which was to amend the complaint to assert a cause of action for wrongful death insofar as asserted against the appellants Otolaryngology Facial Plastic Surgery Associates, P.C., Francis Tsao, and Moshen Habib (*see Greene v New York City Hous. Auth.,* 283 AD2d 458, 459 [2001]; *see also Matter of Colonial Penn Ins. Co. v Nevelus,* 292 AD2d 381 [2002]; *Matter of Tri-State Consumer Ins. Co. v Singh,* 297 AD2d 349 [2002]). Santucci, J.P., Friedmann, Luciano and Rivera, JJ., concur.