■ GLORIA KINGSTON, Respondent, v BROOKDALE HOSPITAL AND MEDICAL CENTER, Defendant, and UNNI MOOPAN, Appellant. [771 NYS2d 385]—

In an action to recover damages for medical malpractice, the defendant Unni Moopan appeals from an order of the Supreme Court, Kings County (Levine, J.), dated May 31, 2002, which granted that branch of the plaintiff's motion which was for leave to renew a prior motion to vacate a judgment of the same court dated March 10, 2000, dismissing the action upon her default in appearing for a preliminary conference, which had been denied by an order of the same court dated October 30, 2000, and upon renewal, granted the motion to vacate the judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for leave to renew is denied, and the judgment dated March 10, 2000, is reinstated.

The plaintiff's initial motion to vacate the dismissal of her action for failure to appear at a preliminary conference was denied by the Supreme Court "due to improper papers." The plaintiff's two subsequent motions for leave to renew were also denied, inter alia, on the ground that her expert's affidavit was insufficient. However, upon the plaintiff's third motion for leave to reargue and renew, which contained an affidavit from her treating gynecologist, the Supreme Court granted that branch of the motion which was for leave to renew and upon renewal, vacated the judgment. We reverse.

CPLR 2221, inter alia, provides that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]). Here, the plaintiff did not offer any explanation for her failure to present the alleged new facts upon the original motion (*see Sherman v Piccione,* 304 AD2d 552 [2003]; *Rizzotto v Allstate Ins. Co.,* 300 AD2d 562 [2002]; *Malik v Campbell,* 289 AD2d 540 [2001]; *Greene v New York City Hous. Auth.,* 283 AD2d 458, 459 [2001]). Furthermore, the "new facts" should not have changed the Supreme Court's prior determination since the plaintiff never demonstrated a reasonable explanation for the failure to appear for a preliminary conference or to comply with court-ordered discovery (*see* 22 NYCRR 202.27; *Kandel v Hoffman,* 309 AD2d 904, 905 [2003]; *Precision Envelope Co. v Marcus & Co.,* 306 AD2d 263, 264 [2003]; *Basetti v Nour,* 287 AD2d 126, 134 [2001]).

Accordingly, the Supreme Court improperly granted that branch of the plaintiff's motion which was for leave to renew. Smith, J.P., Krausman, Luciano and Adams, JJ., concur.