▄ LYLE STEINBERG, Respondent, v DONNA STEINBERG, Appellant. [790 NYS2d 63]—In a matrimonial action in which the parties were divorced by judgment entered August 13, 1991, the defendant appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Westchester County (Shapiro, J.), dated August 19, 2002, as denied that branch of her motion which was for reinstatement and upward modification of the plaintiff's spousal support obligation, and (2) an order of the same court dated January 16, 2003, as denied that branch of her motion which was for leave to renew.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

The defendant failed to demonstrate that the continued enforcement of the spousal support provision, which was part of the stipulation of settlement that was incorporated but not merged into their judgment of divorce, would create an extreme hardship (see Domestic Relations Law § 236 [B] [9] [b]; *Ameen v Ameen,* 294 AD2d 319, 320 [2002]; *Pozza v Pozza,* 260 AD2d 360 [1999]; *Lewis v Lewis,* 183 AD2d 875 [1992]; *Praeger v Praeger,*

162 AD2d 671, 673 [1990]; *Pintus v Pintus,* 104 AD2d 866, 867 [1984]; *cf. Heller v Heller,* 287 AD2d 487 [2001]; *Sass v Sass,* 276 AD2d 42 [2000]).

The Supreme Court properly denied that branch of the defendant's motion which was for leave to renew that branch of her prior motion which was for reinstatement and upward modification of the plaintiff's spousal support obligation, as the facts proffered in support thereof would not have changed the outcome (*see* CPLR 2221 [e] [2]; *Kingston v Brookdale Hosp. & Med. Ctr.,* 4 AD3d 397 [2004]). Ritter, J.P., Krausman, Mastro and Fisher, JJ., concur.