■ MOUNTAINS REALTY CORP., Respondent, v ESTHER GELBELMAN, Appellant. [816 NYS2d 150]—

In an action to compel specific performance of a contract for the sale of real property, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated August 20, 2004, as granted the plaintiff's motion to direct the defendant's former attorney to release the down payment held in its escrow account to the plaintiff, and denied her cross motion, in effect, for leave to renew and reargue her prior motion to vacate a judgment dated August 13, 2002, entered against her upon her default in appearing or answering the complaint.

Ordered that the appeal from so much of the order as denied that branch of the cross motion which was, in effect, for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In support of its motion, the plaintiff submitted documentary

evidence establishing that the outstanding obligations of the defendant exceeded the contract purchase price. Thus, the plaintiff established its entitlement to a return of the down payment being held in escrow so that it could apply that sum toward the payment of the defendant's obligations under the terms of the contract of sale.

The Supreme Court incorrectly treated that branch of the defendant's cross motion which sought to vacate the default judgment on the ground that it was not enforced according to its terms, as one for leave to reargue, as opposed to one for leave to renew. The court nonetheless properly denied that branch of the cross motion as the facts proffered in support thereof would not have changed the outcome (see CPLR 2221 [e] [2]; Steinberg v Steinberg, 15 AD3d 388, 389 [2005]; Kingston v Brookdale Hosp. & Med. Ctr., 4 AD3d 397, 398 [2004]).

The Supreme Court properly treated that branch of the defendant's cross motion which sought to vacate the default judgment based upon CPLR 5015 as one for reargument because it was not based upon new facts which were unavailable at the time of her prior motion. No appeal lies from an order denying reargument (see Scoma v Doe, 2 AD3d 432, 433 [2003]; Mucciola v City of New York, 177 AD2d 553, 554 [1991]).

The defendant's remaining contentions are without merit. Miller, J.P., Ritter, Skelos and Lifson, JJ., concur.