In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Galasso, J.), entered August 16, 2005, which granted that branch of the motion of the defendant Newport Media Acquisition II, Inc., which was, in effect, for leave to renew that branch of that defendant’s prior motion which was for summary judgment dismissing the complaint insofar as asserted against it, which had been denied in a prior order (Dunne, J.), dated September 25, 2003, and, upon renewal, granted that branch of the prior motion, and (2) an order of the same court (Galasso, J.), entered September 13, 2005, amending the order entered August 16, 2005.
Ordered that the orders are reversed, on the law, with costs, that branch of the motion of the defendant Newport Media Acquisition II, Inc., which was, in effect, for leave to renew that branch of its prior motion which was for summary judgment dismissing the complaint insofar as asserted against it is denied, and the order dated September 25, 2003 is reinstated.
A motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and the motion must also contain a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221 [e]; Williams v Nassau County Med. Ctr., 37 AD3d 594 [2007]; Hart v City of New York, 5 AD3d 438 [2004] ). Here, the new facts proffered by the defendant Newport Media Acquisition II, Inc. (hereinafter Newport), would not have changed the prior determination (see Williams v Nassau County Med. Ctr., supra; Steinberg v Steinberg, 15 AD3d 388 [2005] ). Moreover, Newport could not rely in support of its mo *723 tion on evidence that it submitted for the first time at oral argument after it submitted its reply papers (accord GJF Constr. Corp. v Cosmopolitan Decorating Co., Inc., 35 AD3d 535 [2006]). Accordingly, the Supreme Court should have denied that branch of Newport’s motion which was for leave to renew. Ritter, J.P., Santucci, Balkin and McCarthy, JJ., concur.