■ TOWER INSURANCE COMPANY OF NEW YORK, Plaintiff, v T & G CONTRACTING INC., et al., Defendants, and 3402 LAND ACQUISITION, LLC, et al., Defendants and Third-Party Plaintiffs-Appellants. ADMIRAL INSURANCE COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendant. (And Another Title.) [845 NYS2d 356]—In an action for a judgment declaring, inter alia, that the general liability policy issued by the third-party defendant Admiral Insurance Company affords primary additional insured coverage to the defendants third-party plaintiffs 3402 Land Acquisition, LLC, 3402 Queens Boulevard Associates, LLC, and Meringoff Properties, Inc., in an underlying personal injury action entitled *Andramunio v 3402 Land Acquisition LLC*, pending in the Supreme Court, New York County, under index No. 108557/04, the defendants third-party plaintiffs 3402 Land Acquisition, LLC, 3402 Queens Boulevard Associates, LLC, and Meringoff Properties, Inc., appeal from (1) an order of the Supreme Court, Queens County (Grays, J.), dated December 15, 2005, which denied their motion for summary judgment on their third-party complaint insofar as asserted against the third-party defendant Admiral Insurance Company, and (2) so much of an order of the same court dated May 18, 2006, as denied their motion, denominated as one for leave to reargue, but which was, in effect, one for leave to renew their prior motion for summary judgment.

Ordered that the order dated December 15, 2005 is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated May 18, 2006 is affirmed insofar as appealed from, without costs or disbursements.

In order to determine the priority of coverage among different insurance policies, a court must review and consider all of the relevant policies at issue (*see State Farm Fire & Cas. Co. v LiMauro*, 65 NY2d 369 [1985]). Here, since the relevant policies were not submitted in support of the appellants' motion for summary judgment, the priority of coverage could not be determined (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 716 [2007]). Thus, the Supreme Court properly denied the appellants' motion.

The Supreme Court properly denied the appellants' subsequent motion, in effect, for leave to renew. A motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and the motion must also contain a reasonable justification for the failure to present such facts on the prior motion (*see* CPLR 2221 [e]; *Williams v Nassau County Med. Ctr.*, 37 AD3d 594 [2007]; *Hart v City of New York*, 5 AD3d 438 [2004]). Here, the new facts proffered by the appellants would not have changed the prior determination (*see Steinberg v Steinberg*, 15 AD3d 388 [2005]). Rivera, J.P., Krausman, Florio and Dillon, JJ., concur.