■ WILFREDO ALEXIS CASTILLO, Respondent, v 711 GROUP, INC., Appellant. (And a Third-Party Action.) [866 NYS2d 321]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated May 30, 2007, which denied its motion for leave to renew its prior motion for summary judgment dismissing the complaint, which had been denied in an order of the same court dated December 20, 2006.

Ordered that the order is affirmed, with costs.

In August 2002 the plaintiff sustained an amputation of his left index finger while operating a table saw at a construction site at a premises owned by the defendant 711 Group, Inc., a New York corporation (hereinafter 711 Group). In this action against 711 Group to recover damages for personal injuries, 711 Group moved for summary judgment, alleging that it did not owe any duty to the plaintiff because the subject premises were used as a single-family home and it did not direct, control, or supervise the construction work undertaken at the premises.

In an order dated December 20, 2006 the Supreme Court denied 711 Group's motion, except to the extent that the plaintiff withdrew his Labor Law § 240 (1) claim, with prejudice. 711 Group did not appeal from that order. However, 711 Group moved for leave to renew the motion. The Supreme Court denied the motion, and we affirm.

"A motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and the motion must also contain a reasonable justification for the failure to present such facts on the prior motion" (*Tower Ins. Co. of N.Y. v T & G Contr. Inc.,* 44 AD3d 933, 934 [2007]; *see* CPLR 2221 [e]; *Madison v Tahir,* 45 AD3d 744 [2007]). Here, 711 Group failed to proffer a reasonable justification for the failure to present the new facts on the prior motion (*see Hart v City of New York,* 5 AD3d 438 [2004]). Accordingly, the motion for leave to renew was properly denied. Spolzino, J.P., Florio, Miller and Leventhal, JJ., concur.