■ Cynthia Rogers, Respondent, v John Robinson Rogers, Appellant. [916 NYS2d 216]—

In a matrimonial action in which the parties were divorced by judgment dated May 15, 2003, the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lebowitz, J.), dated January 7, 2010, as denied those branches of his motion which were for leave to renew and reargue that branch of his prior motion which was to amend a qualified domestic relations order dated May 15, 2003, by deleting a provision thereof that entitled the plaintiff former wife to certain death benefits in the event that she were to survive him.

Ordered that the appeal from so much of the order dated January 7, 2010, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated January 7, 2010, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In August 2008 the defendant moved, inter alia, to amend a qualified domestic relations order (hereinafter QDRO) dated May 15, 2003, by deleting a provision thereof which entitled the plaintiff to certain death benefits in the event that she were to survive him. In an order dated May 20, 2009, the Supreme Court, inter alia, denied that branch of the defendant's motion, finding that the subject provision was properly in the QDRO, as it was part of the stipulation entered into by the parties and had been "bargained for."

The defendant subsequently moved, among other things, for leave to renew his prior motion. The "new evidence" submitted in connection with this motion consisted of two letters from the Fire Department of the City of New York (hereinafter the FDNY). In the first letter, dated May 27, 2009, the FDNY stated, among other things, that it was "unable to accept" the May 15, 2003, QDRO, which it had previously approved, and which was the subject of the defendant's August 2008 motion. In the second letter, dated June 18, 2009, referring to a draft QDRO which the husband had submitted to the FDNY, the FDNY stated that "upon receipt of a signed and certified copy" of the QDRO, it would be "placed in the [defendant's] file so that, upon the defendant's retirement, payment distribution to [the plaintiff] will commence." There is no evidence that the

husband's draft QDRO, referred to in the June 18, 2009, letter, was ever signed by the Supreme Court or certified.

Nothing in the letters dated May 27, 2009, and June 18, 2009, constitutes "new evidence" that would change the Supreme Court's prior determination that the death benefit for the plaintiff included in the May 15, 2003 QDRO had been "bargained for." The decision of the FDNY to disapprove the terms of the May 15, 2003 QDRO, which it had previously approved, might have constituted "new facts." However, those new facts contained in the letter dated May 27, 2009 were not related to the death benefit provision and, thus, were not facts that "would . . . have changed the prior determination" (*Williams v Nassau County Med. Ctr.*, 37 AD3d 594 [2007], citing *Mountains Realty Corp. v Gelbelman*, 29 AD3d 874 [2006]; *see Steinberg v Steinberg*, 15 AD3d 388 [2005]; *Kingston v Brookdale Hosp. & Med. Ctr.*, 4 AD3d 397, 398 [2004]). The Supreme Court, therefore, properly denied that branch of the defendant's motion which was for leave to renew (*see* CPLR 2221 [e] [2]).

For these reasons, the order appealed from should be affirmed insofar as reviewed. Florio, J.P., Dickerson, Chambers and Lott, JJ., concur.