In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Orange County (Slobod, J.), dated December 13, 2011, as, upon an order of the same court (Ritter, J.), dated August 25, 2009, granting that branch of the plaintiffs motion which was for leave to reargue that branch of her motion which was for an award of maintenance, which had been denied in an order of the same court (Alessandro, J.), dated February 23, 2009, upon an order of the same court (Ritter, J.) dated October 15, 2009, made upon reargument, adhering to the determination in the order dated August 25, 2009, and upon an order of the same court (Ritter, J.), dated March 9, 2010, granting the plaintiff’s subsequent motion for reargument and, in effect, vacating the determination in the order dated February 23, 2009, denying that branch of the plaintiffs motion which was for an award of maintenance, and thereupon granting that branch of the plaintiffs motion and directing the award to the plaintiff of maintenance in the sum of $2,500 per month for a period of five years, retroactive to February 1, 2009, plus the sum of $30,000 in maintenance arrears, and directing the award to the plaintiff of additional credits from the proceeds of the sale of certain marital property, awarded the plaintiff maintenance in the sum of $2,500 per month for a period of five years, retroactive to February 1, 2009, plus the sum of $30,000 in maintenance arrears, and additional credits from the proceeds of the sale of the subject marital property, incorporated the orders dated August 25, 2009, October 15, 2009, and March 9, *519 2010, into the judgment, and directed that those orders continue in full force and effect.
Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, that branch of the plaintiffs motion which was for leave to reargue that branch of her motion which was for an award of maintenance is denied, the plaintiffs subsequent motion for reargument is denied, the defendant’s motion for reargument is denied as academic, the order dated February 23, 2009, is reinstated, the orders dated August 25, 2009, October 15, 2009, and March 9, 2010, are modified accordingly, the determination in the order dated March 9, 2010, directing the award to the plaintiff of additional credits from the proceeds of the sale of certain marital property is vacated, and the matter is remitted to the Supreme Court, Orange County, for a hearing on the issue of whether the plaintiff is properly entitled to any credits from the proceeds of the sale of the subject marital property, and for the entry of an appropriate amended judgment thereafter.
Contrary to the plaintiffs contention, the parties’ separation agreement, which was incorporated, but not merged, into the judgment of divorce, included an express waiver of maintenance. The plaintiffs contention that the waiver provision was the result of mutual mistake is without merit (see Simkin v Blank, 19 NY3d 46, 52-53 [2012]). Her contentions that she was entitled to maintenance because she was experiencing extreme hardship (see Domestic Relations Law § 236 [B] [9] [b]; Cashin v Cashin, 79 AD3d 963, 963-964 [2010]; Ameen v Ameen, 294 AD2d 319, 320 [2002]; Lewis v Lewis, 183 AD2d 875, 876 [1992]) and ran the risk of becoming a public charge (see General Obligations Law § 5-311) are unsupported by the record, as are her remaining contentions that she was entitled to an award of maintenance. Accordingly, the plaintiff was not entitled to a maintenance award or to any maintenance arrears. Since the Supreme Court did not overlook or misapprehend any facts or points of law in denying that branch of the plaintiffs motion which was for that relief, it should not have granted the plaintiff leave to reargue that branch of her motion.
In addition, the plaintiff engaged in the unauthorized sale of property jointly owned by both parties. In determining the defendant’s share of the proceeds from the sale of that marital property, the Supreme Court awarded the plaintiff certain credits from the proceeds. However, when the court made its determination with respect to credits, the parties had not been given an adequate opportunity to present their arguments with respect to credits. Accordingly, the matter is remitted to the *520 Supreme Court, Orange County, for a hearing and new determination on the issue of whether the plaintiff is properly entitled to any credits from the proceeds of the sale of the marital property, and for the entry of an appropriate amended judgment thereafter. Dickerson, J.E, Roman, Miller and Hinds-Radix, JJ., concur.