■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of DAWN MARIE O., Respondent, v KLAUS D., Appellant.—Order, Family Court, New York County (Michael Gage, J.), entered on or about September 23, 1991, adjudging respondent to be the father of Dawn Marie O.'s child, unanimously affirmed, without costs. *Sua sponte,* respondent's notice of appeal is deemed an application for leave to appeal and the application is granted.

On May 30, 1989, Dawn Marie O. gave birth to a child and she claims respondent is the father. Evidence at the paternity proceeding included the results of an HLA and red cell antigen test indicating a 99.42% probability of respondent's paternity, and genetic marker tests indicating a combined paternity index of 172 to 1 for respondent and the child. Dawn Marie O. admitted that she was raped by another man on August 27, 1988, but her delivery records showed a pregnancy of 41½ weeks, indicating that conception occurred prior to the rape. Dawn Marie O. also testified that she and respondent had sexual intercourse about a week prior to the rape, in the midst of a lengthy sexual relationship during which she had previously become pregnant by respondent and had had an abortion in June of 1988 at his request. Because respondent did not testify at the hearing, the court "dr[e]w the inference that [Dawn Marie O.'s] testimony about the fact and date of her sexual relations with respondent is correct".

There is no merit to respondent's argument that the evidence fell short of the standard of clear and convincing applicable in paternity proceedings *(see, Matter of Jane PP. v Paul QQ.,* 65 NY2d 994, 996). Although blood tests are not conclusive evidence of paternity *(Ghaznavi v Gordon,* 163 AD2d 194, 196), they are relied upon as highly accurate, and when buttressed as here by credible and uncontroverted testimony of a sexual relationship during the time when conception occurred, a finding of paternity is warranted *(see, Matter of John H. v Suffolk County Dept. of Social Servs.,* 174 AD2d 669, 670).

Though an appeal does not lie as of right from an order of filiation entered in a proceeding in which an order of support is requested, the Court, on its own motion, may treat the notice of appeal as an application for leave to appeal *(Matter of Everlyn T. v Willis Charles T.,* 155 AD2d 546). Concur— Murphy, P. J., Carro, Rosenberger, Asch and Kassal, JJ.