■ In the Matter of the COMMISSIONER OF SOCIAL SERVICES OF SARATOGA COUNTY, on Behalf of BONNIE W., Respondent, v ANDREW X., Appellant. [600 NYS2d 167] —Appeal from an order of the Family Court of Saratoga County (James, J.), entered July 8, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Bonnie W.

On June 19, 1990 a child was born out of wedlock to Bonnie W. (hereinafter the mother). Petitioner commenced this paternity proceeding to establish that respondent was the child's father. Family Court granted petitioner's application and this appeal followed.

We affirm. Upon our review of the record, we find that petitioner established respondent's paternity by clear and convincing evidence (see, Matter of Erin Y. v Frank Z., 163 AD2d 636). At the hearing the mother testified to the following facts. She started seeing respondent in July 1989 and continued to see him until the relationship ended in October 1989. During that time they engaged in sexual intercourse approximately once or twice a week. Although she used birth control pills she admitted that on several occasions she missed taking them on a daily basis as prescribed. The last time they engaged in intercourse was during the second or third week of September 1989 and her last menstrual period commenced on September 3, 1989. Respondent was the only man she had sexual relations with from May 1989 through October 1989. She first suspected she was pregnant toward the end of September 1989 and received the positive test results of a pregnancy test around the beginning to middle of October 1989. Respondent did not testify and failed to submit any proof in opposition to the mother's testimony.

Family Court's determination rested primarily on a resolution of credibility and its finding that the mother's testimony was "highly credible" is entitled to great weight (see, Matter of Commissioner of Saratoga County Dept. of Social Servs. v David Z., 133 AD2d 882; see also, Matter of Erin Y. v Frank Z., supra). The mother's testimony relating to the time of her last period and when she had sexual intercourse with respondent established a pregnancy within the normal gestation period (see, Matter of Case v Robert EE., 167 AD2d 567) and was sufficient, if believed, to establish paternity (see, Matter of Erin Y. v Frank Z., supra). We reject respondent's assertion that some of the confusion in the mother's testimony as to specific dates rendered her testimony incredible. The testimony, given some two years after the events at issue, provided a specific time frame during which she and respondent engaged in sexual intercourse and she became pregnant. There was nothing so vague or imprecise about her testimony that it made it incapable of sustaining petitioner's burden (see, Matter of Albany County Dept. of Social Servs. v De Forrest HH., 129 AD2d 915). The court also properly determined that an inference could be drawn against respondent due to his failure to testify (see, Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137).

As a final matter, we find no error in the inference drawn by Family Court that, based on respondent's refusal to take a blood test, he would not have been excluded from paternity

had he submitted to such a test. Respondent's stated reason for refusing to submit to the test was that as a Christian Scientist it was against his religion. We also note that respondent has raised no argument that requiring him to submit to such a test would have violated his constitutional right to the free exercise of religion *(cf., Matter of Martine S. v Anthony D.,* 120 Misc 2d 567).

Weiss, P. J., Mikoll, Crew III, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.