■ In the Matter of SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of SHERRI P., Respondent, v PRAYTUSH O., Appellant. [636 NYS2d 891] —Mikoll, J. P. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered May 18, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Sherri P.

Petitioner filed a paternity petition on behalf of Sherri P. (hereinafter the mother) in Family Court alleging that respon-

dent was the biological father of a daughter born to her on July 1, 1988. The mother has never been married. The petition requested an order of filiation, support, full medical coverage and birthing expenses. A fact-finding hearing was held at which the mother testified that although she met respondent several times in the store he owned, she had only one date with him and that was on the night of September 26, 1987. She said she had sexual intercourse with respondent three times at his apartment that night.

The mother also described in detail the interior of respondent's apartment and stated that respondent showed her the blueprints for a house respondent was going to have built on a lot he just purchased in Sullivan County. After she became aware that she was pregnant, the mother told respondent the news; he responded that he would discuss it with her later but he never did. Sometime thereafter, respondent refused her request for $500 to post as bail for the release of her mother from jail. The mother also related to Family Court that respondent had explained to her that his wife was in New Jersey to have foot surgery the weekend of September 26, 1987. The mother testified that she did not have intercourse with any other individual for 45 days before or after the night of her date with respondent.

The mother further testified that she and respondent had taken blood tests before the hearing. The test results, however, were excluded from evidence by Family Court because the test may have been unreliable as the testing company did not have a data base for Indian males, respondent's ethnic origin. Despite the deficient data base, the court found that the portion of the test results that did not exclude respondent as the father of the child was reliable and admissible.

Respondent testified that he was not acquainted with the mother at the time she alleged and that he and his wife had attended an Indian festival in New Jersey on the weekend at issue. He stated that he attends the Indian festival every year with his wife. Respondent produced several witnesses that testified concerning his attendance at the festival on the night in question. These witnesses were either respondent's close friends or family members. Respondent said his wife never went to New Jersey and was with him every night during September 1987. He also contradicted other statements of fact related by the mother.

At the hearing respondent claimed that the time difference between the date of conception, fixed by Family Court as September 27, 1987, to the date of birth, July 1, 1988, 278 days

was 12 days more than the 266 days accepted as the normal gestation period. Family Court, however, concluded that the 12-day difference was not material and did not require expert medical testimony on the mother's behalf. Following the hearing, Family Court found that petitioner had established, through clear and convincing evidence, that respondent was the biological father of the child. The court noted that the mother's testimony was highly credible, but that the testimony of respondent and his witnesses was inconsistent and not credible. The court entered an order of filiation and referred the matter to a Hearing Examiner for determination of questions of support.

Respondent's contention that Family Court improperly assessed the credibility of witnesses in favor of the mother and against respondent is without merit. Family Court had the opportunity to observe the demeanor of the witnesses who testified and its findings on issues of credibility are entitled to great weight (see, Matter of Erin Y. v Frank Z., 163 AD2d 636, 637; Matter of Commissioner of Social Servs. of Saratoga County [Bonnie W.] v Andrew X., 195 AD2d 711, 712). Family Court indicated its reasons for its credibility decisions. It cannot be said that the court erred in crediting the mother's testimony and rejecting that of respondent.

Respondent's contention that Family Court improperly drew an adverse inference against him from the fact that he did not submit to a second blood test lacks merit. In the case at bar, the initial blood tests performed indicated that there was a 99.85% chance that respondent was the child's father. These test results were ruled inadmissible because Family Court found that the tests may be unreliable since the company that performed the tests admittedly did not have a data base for individuals of Indian descent. The court did, however, allow into evidence the fact that the red blood cell antigen portion of the test did not exclude respondent as the father.

Family Court, upon petitioner's motion, ordered that the mother and child undergo further blood testing and that respondent arrange for that testing. Respondent failed to schedule the tests and the additional tests were not performed for that reason. Family Court was justified in such circumstances to draw a negative inference from respondent's failure to follow through on its order (see, Family Ct Act § 532 [a]; Matter of Commissioner of Social Servs. of Saratoga County [Bonnie W.] v Andrew X., supra, at 712). Respondent's argument that the entire blood test results should have been found inadmissible by Family Court, because the probability of paternity was

unreliable on the ground that the data base was made up of only Caucasian individuals, is not persuasive since the red blood cell antigen portion of the test, which did not exclude respondent as the father, was reliable and probative (*see, Michaella M.M. v Abdel Monem El G.*, 98 AD2d 464, 466). Moreover, Family Court did not consider the high test results relating to probability of fatherhood at all in making its decision, nor did it base its determination solely on the fact that respondent was not excluded as the father of the child by the blood test, but properly considered it as just one, among several factors, relevant to its decision.

We reject respondent's argument that the gestation period, determined by Family Court to be 278 days, substantially deviated from the accepted gestation period and, thus, paternity could not be established by clear and convincing evidence without medical testimony. The deviation that occurred here is not material. The normal period of gestation is generally accepted to be 266 days and any material deviation from that time requires expert medical testimony to explain it (*see, Matter of Pandozy [Lisa W.] v Perry X.*, 141 AD2d 894, 896). Here, the 12-day deviation from the normal gestation period is not considered a material deviation (*see, Matter of Reidy [Charlotte P.] v Jeffrey K.*, 125 AD2d 825, 826; *Matter of Morris v Terry K.*, 60 AD2d 728, 729).

Finally, our review of the record reveals that Family Court's decision in favor of paternity is supported by clear and convincing evidence (*see, Matter of State of Utah [Pamela WW.] v Robert XX.*, 203 AD2d 648, 649; *Matter of Commissioner of Social Servs. of Saratoga County [Bonnie W.] v Andrew X.*, 195 AD2d 711, 712, *supra*).

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.