■ In the Matter of SHARON H., Respondent, v TERRY P., Appellant. [648 NYS2d 599] —Order, Family Court, Bronx County (Paul Grosvenor, J.), entered on or about September 16, 1994, which adjudged respondent to be the father of petitioner's child, and bringing up for review a prior order, same court and Justice, entered on or about March 23, 1994, partially granting petitioner's motion for a protective order against respondent's demand for a bill of particulars, unanimously affirmed, without costs.

Although an appeal does not lie as of right from an order of filiation entered in a proceeding in which an order of support is requested, as in the instant case, the court, *sua sponte*, may treat the notice of appeal as an application for leave to appeal (*Matter of Commissioner of Social Servs. [Dawn Marie O.] v Klaus D.*, 188 AD2d 381). We grant leave to appeal.

The protective order properly struck demands that should have been the subject of a discovery notice, not a bill of particulars (*State of New York v Horsemen's Benevolent & Protective Assn.*, 34 AD2d 769). Respondent, who was represented by counsel, was never precluded from seeking disclosure.

On the merits, the DNA and HLA blood tests, indicating a 99.85% and 98.20% probability of paternity, respectively, the unrebutted testimony of the mother that she did not have sexual relations with anyone other than respondent during the conception period, and the Family Court's finding that the mother's testimony as to her relations with respondent was credible, and respondent's not credible, provided clear and convincing evidence of respondent's paternity (*see, Andre v Warren*, 214 AD2d 323; *Matter of Sonji T. v Alan C.*, 231 AD2d 444). Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.