In the Matter of M. C., Respondent, v O. C., Appellant. [703 NYS2d 483] —Order, Family Court, New York County (Sara Schechter, J.), entered on or about November 23, 1998, which, in a support proceeding pursuant to Family Court Act article 5-B, adjudged appellant to be the father of petitioner's child, unanimously affirmed, without costs.

Upon appellant's request, his notice of appeal is treated as an application for leave to appeal, and the application is granted without opposition (*see, Matter of Sharon H. v Terry P.*, 232 AD2d 335).

The DNA test performed by a duly accredited laboratory showing a 99.77% probability that appellant is the child's father raised a presumption of appellant's paternity (Family Ct Act § 532), which was reinforced by a presumption of legiti-

macy raised by the child's birth to a woman who at the time was married to appellant (*see, Matter of Ludwig*, 239 AD2d 122). Appellant made no credible showing that such test was unreliable or in any manner invalid. Discrepancies in the proofs as to whether the child was conceived in late December 1978 or, as appellant claims, some two weeks later in early January 1979 are immaterial in view of his testimony that he did not have sexual relations with his wife in December 1978 or at anytime thereafter. In any event, even credible "evidence of sexual relations with others during the critical time period does not alone rebut the presumption of paternity created by the very high probability of paternity established by the blood genetic marker test" (*Matter of Commissioner of Social Servs. of City of N. Y. v Corey A.*, 239 AD2d 286, 287). Family Court's decision, which specified the very high probability of paternity shown by the DNA test, appellant's failure to undergo other paternity tests if he believed this one to be inaccurate, and his failure to rebut the presumption of legitimacy properly stated the essential facts in compliance with CPLR 4213 (b). Concur— Rosenberger, J. P., Wallach, Andrias and Friedman, JJ.