■ In the Matter of MEAGHAN E.A. SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, as Assignee of CAPRICE A.,

Respondent, v JOHN T.H., Appellant. [745 NYS2d 5] —Order, Family Court, New York County (Mary Bednar, J.), entered on or about February 2, 1998, which, in a support proceeding, adjudicated respondent to be the father of petitioner's child, unanimously affirmed, without costs.

At respondent's request, we treated his notice of appeal as an application for leave to appeal, and granted the application with petitioner's consent (see, Matter of M.C. v O.C., 270 AD2d 48).

Respondent's paternity was established by clear and convincing evidence, including, in particular, a blood genetic marker test indicating a 99.68% probability of paternity that created a presumption of paternity (CPLR 4518 [d]; see, Matter of Commissioner of Social Servs. of City of N.Y. [Chalise B.] v Corey A., 239 AD2d 286). The presumption was reinforced by the negative inference that the court properly drew from respondent's refusal to undergo additional genetic testing (see, Fitzgerald v Tamola, 199 AD2d 122, 123), including DNA testing that was not routinely conducted in the early 1990s when the blood genetic marker test was conducted in a prior paternity and support proceeding that was dismissed without prejudice (cf., Matter of Sullivan County Dept. of Social Servs. [Sherri P.] v Praytush O., 223 AD2d 972, 974-975). Indeed, such additional testing could only have helped respondent, who denied that he had even met petitioner prior to the child's birth. The internal inconsistencies in petitioner's various sworn statements concerning whether, when and to whom she revealed her pregnancy and whether respondent ever acknowledged it, and proven inaccuracies in her testimony concerning her meeting with certain of respondent's family members, do not warrant disturbing Family Court's finding, based largely on credibility (see, Matter of Sullivan County Dept. of Social Servs. [Sherri P.] v Praytush O., 223 AD2d 972, 974), that petitioner had sexual relations with respondent and with no one else during the relevant time period, and do not otherwise render the evidence of paternity less than clear and convincing (see, Matter of Commissioner of Social Servs. of City of N.Y. [Celia D.] v Hector S., 216 AD2d 81, 84). Concur—Mazzarelli, J.P., Saxe, Sullivan, Wallach and Lerner, JJ.