■ In the Matter of PASQUALE SAVARESE, Respondent, v PATRICIA GALGANO, Appellant. [903 NYS2d 488]—

In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Putnam County (Reitz, J.), entered November 19, 2009, which granted the father's objections to an order of the same court (Kaufman, S.M.), entered September 18, 2009, which, after a hearing, denied the father's petition for a downward modification of his child support obligation as set forth in the parties' judgment of

divorce dated November 2, 2005, and thereupon vacated the order entered September 18, 2009, and remitted the matter to the Support Magistrate for a new determination on the petition.

Ordered that the order entered November 19, 2009, is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the father's objections to the order entered September 18, 2009, are denied, and the order entered September 18, 2009, is reinstated.

In March 2009 the father, who was represented by counsel, commenced this proceeding for a downward modification of his child support obligation, alleging that he had been laid off from his job due to a "work force reduction." On September 2, 2009, the father and his counsel executed a "Consent to Change Attorney" form, and a copy was submitted to the Support Magistrate. On September 11, 2009, the father appeared before the Support Magistrate without counsel and indicated that he would proceed pro se. The Support Magistrate told the father that the hearing could not be "adjourn[ed] for [the father to obtain] another attorney." Following the hearing, by order entered September 18, 2009, the Support Magistrate denied the petition. Thereafter, the father obtained new counsel and filed objections to the Support Magistrate's order, alleging that he had not knowingly waived his right to counsel. In support of his objections the father submitted, for the first time, evidence addressing whether he had made a good faith effort to obtain new employment. By order entered November 19, 2009, the Family Court determined that the Support Magistrate had erred in concluding that the father "was either informed of the perils of proceeding pro se or that he had made a knowing, willing and voluntary waiver of his right to counsel." On that basis, the Family Court granted the father's objections and remitted the matter to the Support Magistrate for a new determination on the father's petition. We reverse.

In this proceeding commenced by the father for a downward modification of his child support obligation, the Support Magistrate was not required to conduct an inquiry as to whether the father understood and knowingly accepted the perils of self-representation prior to conducting the hearing (see Family Ct Act §§ 262, 433 [a]; § 454). In any event, the record demonstrates that the father was aware that he had a right to be represented by counsel, inasmuch as he had been represented by counsel for approximately six months in this proceeding (cf. *Matter of Rockland County Dept. of Social Servs. v Champagne*, 131 AD2d 488 [1987]; *but see Matter of Miranda v Vasquez*, 14 AD3d 566 [2005]). Accordingly, the Family Court erred in granting the

father's objections and remitting the matter to the Support Magistrate for a new determination on the ground that the father did not knowingly waive his right to counsel. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.