■ JOHN CAPOZZOLI, Appellant, v CELIA CAPOZZOLI, Respondent. [916 NYS2d 792]—

In an action to set aside the maintenance and child support provisions of a stipulation of settlement dated January 12, 2000, which was "incorporated and made a part of" a judgment dated January 19, 2000, the plaintiff former husband appeals from (1)

an order of the Supreme Court, Rockland County (Berliner, J.), dated January 21, 2010, which, without a hearing, denied his motion to modify the judgment of divorce, a stipulation dated March 30, 2007, and a consent order of the same court dated June 1, 2007, so as to eliminate his obligation to pay maintenance and to reduce his child support obligation, and (2) an order of the same court dated May 26, 2010, which denied his motion, in effect, for leave to renew his prior motion.

Ordered that the orders are affirmed, with one bill of costs.

Contrary to the plaintiff's contention, the Supreme Court properly denied, without a hearing, his motion to modify the judgment of divorce, the stipulation dated March 30, 2007, and the consent order dated June 1, 2007, so as to eliminate his obligation to pay maintenance and to reduce his child support obligation. With regard to that branch of the motion which was to eliminate his maintenance obligation, the plaintiff did not establish, prima facie, that continued enforcement of his maintenance obligation would create an extreme hardship (*see Klein v Klein*, 74 AD3d 753 [2010]; *DiVito v DiVito*, 56 AD3d 601, 602 [2008]; *Mahato v Mahato*, 16 AD3d 386 [2005]; *Vinnik v Vinnik*, 295 AD2d 339 [2002]). In addition, with regard to that branch of the motion which was for a downward modification of his child support obligation, he did not establish, prima facie, that there had been a substantial, unanticipated, and unreasonable change in circumstances (*see Klein v Klein*, 74 AD3d 753 [2010]; *Praeger v Praeger*, 162 AD2d 671, 673-674 [1990]).

Moreover, the Supreme Court correctly denied the plaintiff's subsequent motion, in effect, for leave to renew. "In general, a motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion" (*Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437 [2007]; *see* CPLR 2221 [e]). Here, the plaintiff failed to provide any justification, let alone a reasonable one, as to why he failed to present the alleged "new" facts when he made the first motion (*State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 43 AD3d 907, 908 [2007]; *Greene v New York City Hous. Auth.*, 283 AD2d 458, 459 [2001]). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Worrell v Parkway Estates, LLC*, 43 AD3d at 437).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Leventhal, Sgroi and Miller, JJ., concur.