■ SUSAN SCHWABER, Respondent, v MARC SCHWABER, Appellant. [937 NYS2d 625]—

The Supreme Court properly denied, without a hearing, the defendant's motion for a downward modification of his child support and maintenance obligations set forth in a settlement agreement which was incorporated but not merged into the judgment of divorce. The defendant failed to make a prima facie showing that his loss of employment constituted the substantial, unanticipated, and unreasonable change in circumstances necessary to warrant a downward modification of his child support obligation because he did not demonstrate that he diligently sought re-employment commensurate with his earning capacity (*see Baker v Baker*, 83 AD3d 977, 978 [2011]; *Conway v Conway*, 79 AD3d 965 [2010]; *Barson v Barson*, 32 AD2d 872, 873 [2006]).

Moreover, the defendant's statement of net worth indicated that despite his loss of employment, he had sufficient means to provide child support at the level set by the parties in their settlement agreement (*see Matter of Kalarickal v Kalarickal*, 89 AD3d 846 [2011]; *Jelfo v Jelfo*, 81 AD3d 1255, 1257 [2011]; *Matter of Fragola v Alfaro*, 45 AD3d 684, 686 [2007]; *Matter of Talty v Talty*, 42 AD3d 546, 547 [2007]). The defendant also failed to make a prima facie showing that continued enforcement of his maintenance obligation would result in the extreme hardship necessary to warrant a downward modification (*see Capozzoli v Capozzoli*, 81 AD3d 584, 585 [2011]; *Klein v Klein*, 74 AD3d 753 [2010]; *DiVito v DiVito*, 56 AD3d 601, 602 [2008]; *Mahato v Mahato*, 16 AD3d 386 [2005]). Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.