■ In the Matter of Maria Huddleston, Appellant, v Anthony M. Rufrano, Respondent. [951 NYS2d 179]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Hoffmann, J.), dated January 5, 2012, which denied her objections to an order of the same court (Fields, S.M.), dated October 26, 2011, which, after a hearing, inter alia, directed the father to pay child support in the sum of only $155 per week.

Ordered that the order dated January 5, 2012, is modified, on the law, by deleting the provision thereof denying the mother's objections to so much of the order dated October 26, 2011, as directed the father to pay child support in the sum of only $155 per week, and substituting therefor a provision granting the mother's objections to the extent of directing the father to pay the sum of $259 per week, and otherwise denying the objections; as so modified, the order dated January 5, 2012, is affirmed, without costs or disbursements.

As a result of the parties' August 2000 divorce, the father, who is a plumber by trade, was directed to pay the sum of $250 per week as support for the subject child. In September 2004, because of a work-related injury resulting in the father's receipt of workers' compensation benefits, his obligation was downwardly modified to $108 per week. In April 2008, in accordance with a cost-of-living adjustment, the father's obligation was increased to $121 per week. In August 2011, the mother petitioned for an upward modification of the father's support obligation. After a hearing, the Support Magistrate determined that the father's annual income (*see* Family Ct Act § 413 [1] [b] [5]), stemming from self-employment with A & J Drain, Inc. (hereinafter A & J), was $47,382.52, consisting of both monetary compensation and benefits, and, inter alia, directed the father to pay child support in the sum of $155 per week. The mother

filed objections to that determination, which the Family Court denied. The mother appeals. We modify.

A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings (*see Matter of Rohme v Burns*, 92 AD3d 946, 947 [2012]; *Wesche v Wesche*, 77 AD3d 921, 923 [2010]). "The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives" (*Wesche v Wesche*, 77 AD3d at 923). The court may also properly impute income where a party's account of his or her finances is not credible or is suspect (*see id.*; *Matter of Sena v Sena*, 65 AD3d 1244, 1244-1245 [2009]).

Here, the Support Magistrate should have imputed an additional $31,448.30 to the income earned by the father. The Support Magistrate failed to include a $10,611 payment made to the father by A & J for services rendered as its vice-president in the year 2010. The evidence at the hearing supported the conclusion that this was not a one-time payment, but would be a recurring one, particularly since the father's business is growing (*cf. Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 999 [2007]; *Matter of Knapp v Levy*, 245 AD2d 1027 [1997]). Since the incorporation of A & J, the father has increased his hours, has charged a higher hourly rate, and has added sheet-rocking as a component of his business. In addition, the Support Magistrate should have imputed $8,736 to the father as income, based on the earnings generated for A & J by the father's father-in-law through sheet-rocking. Finally, the father's testimony that he receives as salary only 30% of the amount he bills on behalf of A & J was not credible. The father did not know the balance on A & J's corporate checking account, and he provided only vague testimony about A & J's business expenses (*see Matter of Rohme v Burns*, 92 AD3d at 947). A & J operates out of the father's home, and its only employees are the father, his wife, and his father-in-law. Moreover, the father's credibility was impaired by his testimony that he was "volunteering" his time for A & J for more than one year after it came into existence while at the same time receiving unemployment benefits from the State of Nevada (*see Wesche v Wesche*, 77 AD3d at 923). Considering the father's lack of credibility and the amount of his past earnings, the Support Magistrate should have concluded that the father earns an additional $12,101.30 in income from the business he generates on behalf of A & J. Accordingly, the record demonstrates that the father's income is $78,830.82 and, thus, he is obligated to make child support payments in the sum of $259 per week.

In light of our determination, the mother's remaining contention has been rendered academic. Angiolillo, J.P., Dickerson, Belen and Chambers, JJ., concur.