■ In the Matter of CATHERINE V.D. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RACHEL G., Appellant, et al., Respondent. [955 NYS2d 152]—

In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of the Family Court, Nassau County (Dane, J.), dated March 15, 2012, which denied her motion for summary judgment dismissing the petition insofar as asserted against her, and (2) an order of the same court dated May 2, 2012, which denied her motion for leave to renew and reargue her motion for summary judgment dismissing the petition insofar as asserted against her.

Ordered that the order dated March 15, 2012, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order dated May 2, 2012, as denied that branch of the mother's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 2, 2012, is affirmed insofar as reviewed, without costs or disbursements.

The Family Court properly denied the mother's motion for summary judgment dismissing the petition insofar as asserted against her. In opposition to the mother's prima facie showing that she had participated in planning for the subject child's care, the petitioner submitted evidence that put into dispute a number of relevant facts, including the level of the mother's cooperation with the petitioner and the New Jersey Division of Youth and Family Services, and the nature of the subject child's needs. As triable issues of fact remained, the mother was not entitled to summary judgment (cf. Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]).

The Family Court also properly denied that branch of the mother's motion which was for leave to renew. A motion for leave to renew "shall be based upon new facts" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; see Capozzoli v

*Capozzoli*, 81 AD3d 584, 585 [2011]). A motion for leave to renew is addressed to the sound discretion of the motion court, and the requirement that a motion for leave to renew be based upon newly discovered facts is a flexible one (*see Matter of Gold v Gold*, 53 AD3d 485, 487 [2008]). Where no reasonable justification is given, the court must deny the motion (*see Greene v New York City Hous. Auth.*, 283 AD2d 458, 459 [2001]).

Here, in support of that branch of her motion which was for leave to renew, the mother provided certain progress notes made by the petitioner's caseworkers regarding their discussions with the mother about the subject child. As the Family Court noted, however, the mother did not provide a sufficient justification for her failure to submit those notes with her summary judgment motion. Indeed, although the mother did not obtain the notes until after she filed her motion, she did not show that she made any effort to serve discovery requests or otherwise obtain relevant documents from the petitioner before she made her original motion. Under those circumstances, the Family Court did not improvidently exercise its discretion in denying the subject branch of the mother's motion, as "[a] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437 [2007]). Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.