■ In the Matter of Charity Akosua A., Respondent, v Nana A., Appellant. [18 NYS3d 371]—

Order, Family Court, Bronx County (Ruben A. Martino, J.), entered on or about November 19, 2013, which denied respondent-appellant's (hereinafter, respondent) objection to a final order of support and an order of filiation; order of filiation, same court (Mary Elizabeth Neggie, S.M.), entered on or about October 25, 2013, which adjudged and declared respondent to be the father of the subject child; and order of support, same court and Support Magistrate, entered on or about October 25, 2013, which, among other things, ordered respondent to pay $181 semi-monthly for child support and 65% of any unreimbursed health related expenses for the child, unanimously affirmed, without costs.

The Support Magistrate correctly referred the equitable estoppel issue to a Family Court judge (see Family Ct Act § 439 [a], [b]). The Family Court Judge, in turn, properly recognized that a finding on equitable estoppel was unnecessary, and properly referred the matter back to the Support Magistrate (see id.).

The Family Court properly determined that there was clear and convincing evidence establishing respondent's paternity (Matter of Lopez v Sanchez, 34 NY2d 662, 663 [1974]; see also Matter of Meaghan E.A. v John T.H., 293 AD2d 399, 400 [1st Dept 2002], lv dismissed 99 NY2d 531 [2002]). Testimony and evidence showed that respondent was named as the father on the child's birth certificate, that he had an ongoing father-daughter relationship with the child for 10 years, and that he had petitioned the court in 2009 to have the child's last name changed to match his own. In addition, he paid child support pursuant to a prior support order that ran from 2005 to 2009, when it was voluntarily terminated by both parties. Respondent never objected to the prior order of support.

The Support Magistrate did not deny respondent the right to counsel, as respondent was assigned counsel for the paternity hearing before the Family Court Judge (*see* Family Ct Act § 262 [a] [viii]). Contrary to respondent's contention, Family Court Act § 262 (a) does not provide for the right to assigned counsel on issues of support, and there is no constitutional right to assigned counsel in a support proceeding (*Matter of Commissioner of Social Servs. of City of N.Y. v Remy K.Y.*, 298 AD2d 261, 262 [1st Dept 2002]).

The presumption of legitimacy was rebutted by clear and convincing evidence of respondent's paternity (*see Montepagani v New York City Dept. of Health, Div. of Vital Records*, 85 AD3d 474, 475 [1st Dept 2011]).

We have considered respondent's remaining arguments and find them unavailing. Concur—Tom, J.P., Acosta, Richter and Kapnick, JJ.