In the Matter of Matthew Joseph Nicotra, Appellant, v Susan E. Nicotra, Respondent. [30 NYS3d 850]—

Appeals from (1) an order of the Family Court, Suffolk County (Denise Livrieri, S.M.), dated October 17, 2014, and (2) an order of that court (Bernard Cheng, J.), dated March 20, 2015. The order dated October 17, 2014, after a hearing, in effect, denied the father's petition for a downward modification of his child support obligation and dismissed the proceeding. The order dated March 20, 2015, denied the father's objections to the order dated October 17, 2014.

Ordered that the appeal from the order dated October 17, 2014, is dismissed, without costs or disbursements, as that order is not appealable (*see* Family Ct Act § 439 [e]), and, in any event, was superseded by the order dated March 20, 2015; and it is further,

Ordered that the order dated March 20, 2015, is affirmed, without costs or disbursements.

After a hearing on the father's petition for a downward modification of his child support obligation, at which he appeared pro se, the Support Magistrate, in effect, denied the petition for failure to state a cause of action on the ground that the father failed to produce competent medical evidence of an

alleged illness that prevented him from working, and dismissed the proceeding. The father thereafter filed objections to the order of dismissal. In an order dated March 20, 2015, the Family Court denied the objections.

It was the father's burden to offer competent medical evidence of his alleged illness, which he failed to do (*see Matter of Straker v Maynard-Straker*, 133 AD3d 865, 866-867 [2015]; *Matter of Pepe v Pepe*, 128 AD3d 831, 834 [2015]; *Matter of Monroe v Jordan-Monroe*, 103 AD3d 803 [2013]; *D'Alesio v D'Alesio*, 300 AD2d 340, 341 [2002]). The father was not deprived of the right to counsel. He had no right to assigned counsel in this support modification proceeding (*see Matter of Charity Akosua A. v Nana A.*, 132 AD3d 462, 463 [2015]; *cf.* Family Ct Act § 262 [a]), and the record establishes that he was aware that he had a right to retain counsel but chose to proceed pro se (*see Matter of Savarese v Galgano*, 74 AD3d 1083, 1084 [2010]).

The father's remaining contentions are without merit.

Accordingly, the Family Court properly denied the father's objections to the order of dismissal. Mastro, J.P., Maltese, Duffy and Brathwaite Nelson, JJ., concur.