Matter of Berg v Berg (2018 NY Slip Op 07720)





Matter of Berg v Berg


2018 NY Slip Op 07720


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-08960
 (Docket No. F-11977-14/14A)

[*1]In the Matter of Michael Alan Berg, appellant,
v
Julie Sue Berg, respondent.


Lisa Siano, Merrick, NY, for appellant.
Richman & Levine, P.C., Garden City, NY (Ira W. Seligman of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Merik R. Aaron, J.), dated May 5, 2017. The order denied his objections to an order of the same court (Elizabeth A. Bloom, S.M.), dated October 14, 2016, which, after a hearing, denied his petition for a downward modification of his spousal maintenance and child support obligations under the parties' judgment of divorce.
ORDERED that the order dated May 5, 2017, is affirmed, without costs or disbursements.
The parties were divorced by a judgment dated August 1, 2012, which set forth, inter alia, the father's obligations with respect to spousal maintenance and child support for the parties' daughter. In December 2014, the father commenced the instant proceeding pursuant to Family Court Act article 4 for a downward modification of those obligations, alleging that he had recently lost his job. Following a hearing, the Support Magistrate denied the father's petition. Thereafter, in an order dated May 5, 2017, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals.
A party seeking a downward modification of his or her spousal maintenance and child support obligations set forth in a judgment of divorce must establish a substantial change in circumstances (see Family Ct Act §§ 466[c][ii] and 451[3][a]; see also Isichenko v Isichenko, 161 AD3d 833). Loss of employment may constitute a substantial change in circumstances where the termination occurred through no fault of the party seeking modification and he or she diligently sought re-employment commensurate with his or her earning capacity (see Matter of Smith v McCarthy, 143 AD3d 726, 727; Matter of Riendeau v Riendeau, 95 AD3d 891, 892; Schwaber v Schwaber, 91 AD3d 939, 940). Here, the father failed to establish that the termination of his employment did not occur though his own fault (see Matter of Lindsay v Lindsay-Lewis, 156 AD3d 642, 643), or that he diligently sought new employment commensurate with his qualifications and experience. Accordingly, we agree with the Family Court's denial of the father's objections to the Support Magistrate's finding that the father was not entitled to a downward modification of his support obligations (see Matter of Addimando v Huerta, 147 AD3d 750, 752; Matter of Rubenstein v Rubenstein, 114 AD3d 798, 799).
The father contends that he was deprived of the effective assistance of counsel. Since the father did not have the right to assigned counsel in this support modification proceeding (see Family Ct Act § 262[a]; Matter of Diaz v Smatkitboriharn, 158 AD3d 760, 761; Matter of Nicotra v Nicotra, 139 AD3d 1070, 1071), he must establish the existence of extraordinary circumstances in order for his claim of ineffective assistance of counsel to be entertained (see Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 943). Here, the father failed to establish the existence of any extraordinary circumstances to warrant entertaining such a claim (see HBJOBaron Assoc. v Leahing, 142 AD3d 585, 585; Nugent v Diocese of Rockville Ctr., 137 AD3d 760, 761).
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court