Matter of Westchester County Dept. of Social Servs. v Llevon A. P. (2020 NY Slip Op 06800)





Matter of Westchester County Dept. of Social Servs. v Llevon A. P.


2020 NY Slip Op 06800


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2019-03084 
2020-01879
2020-01881
 (Docket Nos. F-914-17, P-914-17)

[*1]In the Matter of Westchester County Department of Social Services, etc., respondent, 
v
Llevon A. P. (Anonymous), appellant.


Scott Stone, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (David H. Chen of counsel), for respondent.
Donna M. Genovese, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, Llevon A. P. appeals from (1) an order of the Family Court, Westchester County (Rachel Hahn, J.), dated September 12, 2018, (2) an order of filiation of the same court also dated September 12, 2018, and (3) an order of the same court dated March 12, 2019. The order dated September 12, 2018, after a hearing, inter alia, found that the doctrine of equitable estoppel applied to estop Llevon A. P. from denying paternity of the subject child. The order of filiation adjudicated Llevon A. P. to be the father of the subject child. The order dated March 12, 2019, denied the objections of Llevon A. P. to the finding that equitable estoppel applied to his denial of paternity and an order of the same court (Michele Reed Bowman, S.M.) dated December 5, 2018, which, upon the order dated September 12, 2018, and the order of filiation, granted that branch of the petition which was for an award of child support.
ORDERED that the appeals from the order dated September 12, 2018, and the order of filiation are dismissed, without costs or disbursements, as the orders are not appealable as of right and leave to appeal has not been granted (see Family Ct Act § 1112); and it is further,
ORDERED that the order dated March 12, 2019, is affirmed, without costs or disbursements.
The appeals from the order dated September 12, 2018, and the order of filiation should be dismissed as nondispositional. The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the order dated March 12, 2019.
In January 2017, the petitioner commenced this proceeding pursuant to Family Court Act article 5, inter alia, to adjudicate Llevon A. P. (hereinafter the appellant) to be the [*2]father of the subject child, who was born in 2010. The appellant denied paternity and requested DNA genetic marker testing.
The Family Court conducted a hearing to determine if equitable estoppel should preclude the DNA genetic marker testing. In an order dated September 12, 2018, the court found that the doctrine of equitable estoppel applied to estop the appellant from denying paternity of the child. The court issued an order of filiation also dated September 12, 2018, adjudicating the appellant to be the father of the child. Thereafter, in an order dated March 12, 2019, the court denied the appellant's objections to the finding that equitable estoppel applied to his denial of paternity and an order of the Support Magistrate dated December 5, 2018, which, upon the order dated September 12, 2018, and the order of filiation, granted that branch of the petition which was for an award of child support.
Contrary to the appellant's contention, the best interests of the child support the Family Court's application, after the hearing, of the doctrine of equitable estoppel in determining that the appellant was the father of the child. Issues of credibility were for the court to resolve, and there is no basis to disturb its determination to credit the testimony of the child's mother and reject the appellant's testimony (see Matter of Department of Social Servs. v Donald A.C., 179 AD3d 603, 603-604; Matter of Shaundell M. v Trevor C., 167 AD3d 615, 616).
The appellant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court