Matter of Morales v Foley (2025 NY Slip Op 05522)

Matter of Morales v Foley

2025 NY Slip Op 05522

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2024-02431
 (Docket No. F-3926-22)

[*1]In the Matter of Jessie Marie Morales, respondent,
v
William Frank Foley, appellant.

William F. Foley, named herein as William Frank Foley, Lagrangeville, NY, appellant pro se.
Thomas R. Villecco, New York, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated February 20, 2024. The order denied the father's objections to a corrected order of the same court (Barbara O. Afriyie, S.M.) dated January 10, 2024, which, after a hearing, inter alia, directed him to pay child support in the sum of $1,096 per week and retroactive child support in the sum of $60,028.14.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of four children born between 2012 and 2018. In 2022, the mother commenced this proceeding pursuant to Family Court Act article 4 for child support. After a hearing, in a corrected order dated January 10, 2024, the Support Magistrate, inter alia, directed the father to pay child support in the sum of $1,096 per week and retroactive child support in the sum of $60,028.14. In an order dated February 20, 2024, the Family Court denied the father's objections to the Support Magistrate's corrected order. The father appeals.
Contrary to the father's contention, there was no right to assigned counsel in this proceeding, and the Support Magistrate was thus not required to conduct a searching inquiry to ensure that his waiver of counsel was unequivocal, voluntary, and intelligent (see Matter of Nicotra v Nicotra, 139 AD3d 1070, 1071; Matter of Charity Akosua A. v Nana A., 132 AD3d 462, 463). In any event, the record establishes that the father was aware at several appearances that he had a right to retain counsel but chose to proceed pro se (see Family Ct Act §§ 262, 433[a]; 454; Matter of Savarese v Galgano, 74 AD3d 1083, 1084), and the Support Magistrate did not improvidently exercise her discretion in declining to adjourn the proceedings (see Matter of Cabral v Cabral, 61 AD3d 863, 863).
"A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings" (Matter of Huddleston v Rufrano, 98 AD3d 1046, 1047). The court may "properly impute income where a party's account of his or her finances is not credible or is suspect" (id.). Contrary to the father's contention, the Support Magistrate did not improvidently exercise her discretion in imputing income to the father from his business and declining to reduce that amount by certain claimed [*2]business deductions and expenses, as the father failed to present evidence concerning those deductions and expenses other than his tax returns (see Qazi v Qazi, 220 AD3d 660, 661; Matter of Sena v Sena, 65 AD3d 1244, 1245). The Support Magistrate also found the father's representation of his income to be not credible (see Matter of Huddleston v Rufrano, 98 AD3d at 1047; Matter of Sena v Sena, 65 AD3d at 1245).
The father's remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court