Matter of Refellia R. v Nathaniel A. (2025 NY Slip Op 05687)

Matter of Refellia R. v Nathaniel A.

2025 NY Slip Op 05687

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2024-07614
 (Docket Nos. P-3537-24, O-3680-23, V-3863-23)

[*1]In the Matter of Refellia R. (Anonymous), respondent, 
v
Nathaniel A. (Anonymous), appellant.

Nathaniel A., Rosedale, NY, appellant pro se.
Lisa A. Manfro, Port Washington, NY, for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 5, 6, and 8, Nathaniel A. appeals from an order of filiation of the Family Court, Queens County (Adetokunbo O. Fasanya, J.), dated June 25, 2024. The order of filiation, after a hearing, adjudicated Nathaniel A. to be the father of the subject child.
ORDERED that the notice of appeal from the order of filiation is deemed to be an application for leave to appeal from that order, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order of filiation is affirmed, without costs or disbursements.
In March 2023, the petitioner commenced family offense and custody proceedings alleging, inter alia, that the appellant was the father of the subject child, born on October 29, 2021. The appellant denied ever having an intimate relationship with the petitioner, and the Family Court directed a hearing on the issue of whether the parties had an intimate relationship. In February 2024, the petitioner commenced a paternity proceeding to have the appellant adjudicated the father of the subject child and for an award of child support. Following the hearing on the issue of whether the parties had an intimate relationship, the court adjourned the matter to permit the parties to submit to a genetic marker test. The appellant refused to take the test. The court then issued an order of filiation, and this appeal ensued.
Contrary to the appellant's contention, his paternity was established by clear and convincing evidence (see Matter of Commissioner of Social Servs. v Julio J., 20 NY3d 995, 997; Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141-142; Matter of Lopez v Sanchez, 34 NY2d 662; Matter of Marianne R. v Richard C., 150 AD2d 378, 379). Issues of credibility were for the Family Court to resolve, and there is no basis to disturb its determination to credit the testimony of the petitioner and reject the appellant's testimony as incredible (see Matter of Westchester County Dept. of Social Servs. v Llevon A.P., 188 AD3d 1080, 1081; Matter of Department of Social Servs. v Donald A.C., 179 AD3d 603, 603-604). The court had the opportunity to observe the demeanor of the witnesses who testified and its findings on issues of credibility are entitled to great weight (see Matter of Moshae L. [Angela J.], 237 AD3d 821; Matter of Chimienti [*2]v Perperis, 171 AD3d 1047, 1050). Moreover, contrary to the appellant's contention, his failure to appear for a court-ordered genetic marker test permitted the court to draw the strongest inference against him that the opposing evidence in the record permitted (see Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d at 141; Matter of Meaghan E.A. v John T.H., 293 AD2d 399, 400; Matter of Sullivan County Dept. of Social Servs. v Praytush O., 223 AD2d 972).
The parties' remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court